## BEDFORD *vs.* BRADFORD.

The Court adhere to the decision made in Shreve *vs.* Whittlesey, Administrator of Whittlesey; (7 Mo. Rep., 473,) that the term "*beyond sea,*" in the first section of the statute of limitation of 1825, means "out of the State."

ERROR to Chariton Circuit Court.

LEONARD, *for plaintiff in Error.*

POINTS AND AUTHORITIES.

The only question that will be presented to the Court is, as to the true construction of the words, "beyond sea," to be found in the statute of limitations of the 21st of February, 1825.

And, since the decision of this cause in the Circuit Court, this question has been settled in favor of the plaintiff in error, by this Court, in Shreve *vs.* Administrator of Whittlesey, 7 Mo. Rep., 473.

TOMPKINS, *Judge, delivered the opinion of the Court.*

This is an action of debt, instituted by William H. Bedford in the Chariton Circuit Court, against Thomas G. Bradford, on the 9th day of April, 1839, on a bond made on the 17th day of November, 1819, payable to the plaintiff sixty days after date, for eleven hundred dollars.

The defendant pleaded, that the cause of action did not accrue at any time within ten years next before the commencement of the suit.

The plaintiff replied—

1st. That the cause of action did accrue within ten years, &c.

2d. That when the cause of action accrued, the plaintiff was beyond sea, and did not at any time thenceforward, and until ten years next before the commencement of this suit, come, or return, within this State.

The defendant took issues on these replications, and neither party requiring a jury, the cause was tried, without the intervention of a jury, by the court. Upon the trial, the plaintiff gave evidence to prove, that at the time the cause of action accrued, he was a citizen of the State of Tennessee, and residing in the city of Nashville, where he had ever since resided; and that he had never been within this State, until about a month next before the commencement of this suit. This was all the evidence. The defendant gave none.

Then the plaintiff moved the Court to give the following instructions as to the law, viz.:—

1st. That if, at the time when the said cause of action did accrue to the plaintiff, he was in the city of Nashville, in the State of Tennessee, and that the plaintiff did not, at any time, from the time when the said cause of action did accrue, until

within ten years next before the commencement of this suit, come, or return, into this State, then the issue on the plaintiff's second replication to the plea of the statute of limitations ought to be found for the plaintiff.

2d. That the expression in the statute of limitations of 21st February, 1825, "beyond sea," means, without the jurisdiction of this State.

The court refused to give these instructions, and the plaintiff excepted to the opinion of the court. The plaintiff then suffered a non-suit, with leave to move to set the same aside, and afterwards, on the same day, he moved to set it aside; the court overruled the motion, and refused to set aside the non-suit.

To this opinion of the court, the plaintiff excepted.

This case is the same as the case of Shreve *vs.* Whittlesey, administrator of Whittlesey, in which this Court decided, that "beyond sea" means out of the State. The Circuit Court of Chariton county committed error in refusing to give the two instructions asked by the plaintiff, and it also erred in refusing to set aside the non-suit on the motion of the plaintiff; and for this error its judgment must be reversed, and the cause remanded, to be proceeded in conformably to this opinion.