### TEWKSBURY *vs.* LAFFAN.

Where a contract is made to convey land by a quit-claim deed at a future time, an
action cannot be maintained by the vendee against the vendor, on the ground that
a third person has intruded upon a portion of the land, and the vendee cannot ob-
tain possession, there being no stipulation in the contract that the vendee shall be
put in possession.

Nor can such action be sustained on the ground that the vendor, long after the
execution of the contract, gave the vendee a certificate to the effect, that, at the
time of making the agreement, he consented and agreed that the vendee should
take possession of the lot forthwith.

APPEAL from the court of First Instance of the district of
San Francisco. The facts of the case will be found in the
opinion of the court.

*By the Court*, BENNETT, J. On the 11th day of October,
1849, Laffan made his bond to Tewksbury conditioned to exe-

cute and deliver a quit-claim deed of a lot of land, upon the latter paying certain notes, the last of which will not become due until the 1st day of November next. On the 2d day of January, 1850, Laffan gave to Tewksbury a certificate in writing, which, after particularly defining the boundaries of the lot, which were left uncertain in the bond, contained the following clause: "And I did at the time of the said agreement "consent and agree that the said Tewksbury should have the "possession of said lot forthwith." This certificate was objected to, at the trial, as irrelevant and inadmissible evidence. It appeared, on the trial, that a third person, not connected with or acting under Laffan, had encroached upon a small portion of the premises, so that Tewksbury could not erect thereon a house of particular dimensions, which he had bought for that purpose, without alteration. The cause was heard before referees, who reported in favor of the plaintiff for $1,500 damages, for which sum, and costs, the judgment was rendered from which this appeal was taken.

There is no ground for any action whatever in this case. The only thing to which Laffan bound himself was, to give a quit-claim deed. The period for executing that has not arrived, and there is no pretence of any breach of this condition. The action seems to have been brought upon the supposition that a bond to give a quit-claim deed implies a covenant, not only to deliver possession, but to protect and insure the obligee against trespassers. But an agreement to give a quit-claim deed cannot surely confer greater rights than would be acquired under a deed containing express covenants of warranty, seisin, and quiet enjoyment; and the facts of this case are insufficient to sustain an action even upon a deed embracing all these covenants. (*Gardner* v. *Ketteles*, 3 *Hill*, 330; *Sedgwick* v. *Hallenbeck*, 7 *J. R.* 376.)

The certificate does not help the plaintiff. It was executed long after the bond, and forms no part of the original contract. It is not in itself an agreement upon which an action can be based; there is no mutuality, no consideration. It purports to be simply a recital of a stipulation in a previous agreement,

and, upon referring to the agreement, we find no such stipulation. If it be regarded as Laffan's interpretation of his bond, he seems to have misapprehended the legal effect of his contract; but such misapprehension cannot serve as the foundation of an action. The certificate, then, being neither a contract in itself, nor a part of the original agreement, it was inadmissible evidence for any purpose whatever, except to explain the ambiguity in the bond as to the location of the lot intended to be conveyed. If it means that Laffan consented and agreed verbally, at the time of making the contract, it amounts to nothing; for, where an agreement is reduced to writing, all stipulations, and conditions, and provisions relating to the subject matter of the contract, are merged in the writing, except in some special cases, of which this is not one.

But further, conceding that this stipulation formed a part of the original contract in writing, the result would be the same. It imports nothing more than a privilege or license to the plaintiff to take possession of the lot before the expiration of the period for executing the quit-claim deed; but it does not imply that the defendant, in case a third person held the lot, or a portion of it, should either deliver possession, or be liable for damages in the event of the plaintiff being unable to acquire possession.

Judgment reversed, with costs to the defendant in both courts.