## PIERSON v. McCAHILL.

THE rule that verbal evidence is inadmissible to contradict or vary a written contract, is inapplicable where a mistake has been made and the object is to correct it.

Where in reducing an agreement to writing a material clause has been omitted by mistake, a party seeking to avail himself of the actual contract must obtain a reformation of the writing, either by a distinct proceeding to reform it or by specially pleading the mistake in the action in which the contract is sought to be used, and asking its correction as independent relief. Under a pleading which simply states the terms of a contract, the introduction of a written agreement respecting the subject matter cannot be followed by oral proof of a material clause alleged to have been omitted by mistake from the writing.

An agreement between a debtor and a single creditor for the acceptance by the latter of an amount less than the debt in satisfaction, is invalid for want of consideration; but such an agreement between a debtor and two or more creditors is valid, the engagement of one being a sufficient consideration for that of the others.

The service upon the defendant, in an action to recover money, of a writ of attachment at the suit of a third person against the plaintiff, cannot be plead by the defendant in bar of a recovery. The only effect of the service of the attachment is to suspend the proceedings until the determination of the suit in which it is issued.

Pierson v. McCahill.

APPEAL from the Fifth Judicial District.

The complaint avers that in February, 1861, the defendant, Philip McCahill, was indebted for goods sold and delivered to Taaffe, McCahill & Co., in the sum of $1,784 64, and to Canfield, Pierson & Co. in the sum of $967 89; and that this indebtedness was at that time, for a valuable consideration, sold and assigned by said creditors to the plaintiff, and has not been paid, and prays judgment for the amount and interest.

The answer denies the allegations of the complaint, and by way of further defense alleges " that on the —— day of Dec. 1859, he (defendant) was indebted to Taaffe, McCahill & Co., and also to Canfield, Pierson & Co., with other creditors in various amounts, including all the indebtedness of this defendant contracted in the way of business; and that at said time a settlement and composition of all said debts was had and agreed upon by and between the defendant and said creditors, whereby the said Taaffe, McCahill & Co., and the said Canfield, Pierson & Co., with said other creditors, agreed with said defendant to accept and receive from him by way of composition, the sum of fifty cents on the dollar of said indebtedness in full payment and satisfaction of all such indebtedness, respectively, which the defendant did then agree with them to pay, and which this defendant, in pursuance of said agreement, did pay to all said creditors in full satisfaction and discharge of their several claims against him.

" And all said creditors, including Taaffe, McCahill & Co. and Canfield, Pierson & Co., accepted and received the said payments severally in full satisfaction and discharge of the amounts so due them, as aforesaid, excepting the sum of ninety-nine dollars, a balance remaining due to said Taaffe, McCahill & Co., according to the terms of said settlement and composition on the seventh day of February, 1861, and which amount was garnisheed in the suit of *Falkner, Bell & Co.* v. *Taaffe, McCahill & Co.*, by process issued out of the District Court in the Twelfth Judicial District, City and County of San Francisco, whereby defendant was restrained and prevented from paying the same, and still holds said amount subject to the decision in said action. And defendant avers that the

accounts sued upon in this action are the same satisfied, settled, and discharged as above alleged."

The replication denied the new matter set up in the answer.

On the trial, the defendant introduced in evidence an agreement of composition, of which the following is a copy.

" In consideration of one dollar paid to me by my several creditors, a schedule of which is hereby attached, and in consideration of 'their several accounts against me, amounting in all to about $12,000, I hereby assign, sell, make over, and transfer, to William Higgins, their lawful agent and attorney, my whole stock of goods contained in my store in the city of Stockton; also all accounts, debts, and notes due me, with the understanding that they shall, through their agent, realize out of the same sufficient to pay each and every one of them fifty cents for every dollar I owe them, and that after this amount is realized they agree to place me again in possession of the remaining stock, uncollected accounts and notes. McCahill has the privilege of taking out of the proceeds of the goods and debts one hundred dollars per month for personal and family expenses.    In witness whereof, I have hereunto set my hand and seal.    San Francisco, Dec. 21st, 1859.

" P. McCAHILL,    [SEAL.]

" We, the undersigned creditors of P. McCahill, agree to the foregoing contract:

| | |
|---|---:|
| " Janson, Bond & Co | $1,442 04 |
| " Taaffe, McCahill & Co | 4,122 07 |
| " T. Henderson | 886 69 |
| " H. Cohn & Co | 960 50 |
| " Durung, Donnelly & Co | 446 83 |
| " L. & M. Sacks & Co | 419 04 |
| " T. J. Coffin & Co | 318 12 |
| " Canfield, Pierson & Co | 1,600 00 |
| " Jones, Tobin & Co | 697 59 |
| " Myger, Wolf & Co | 337 75 |
| " S. Mikkol | 754 87 |
| " Meushbeuter & Bertherd | 229 52 |
| " Badger & Lindenberger | 221 37 " |

The defendant then offered to show by witnesses that plaintiff's assignors were present at the meeting of creditors at which the written contract was negotiated, and that the creditors had there agreed to fully release and discharge the defendant upon the payment of fifty cents on the dollar of their respective claims; and that the agreement was drawn up by the request of the creditors, and that by mistake the person who wrote it left out the words " in full satisfaction and discharge of their respective claims against defendant," and that it was the intention of the creditors to discharge the defendant upon the payment of fifty cents on the dollar.

To this evidence the plaintiff objected, on the ground that the proof was in effect to vary a written agreement, and was inadmissible under the pleadings.    The Court overruled the objection, and the plaintiff excepted.

The defendant also offered in evidence a copy of the writ of attachment referred to in the answer with proof of a notice of garnishee to him, which, under exception by plaintiff, was admitted.

The jury found a verdict for defendant, in accordance with which judgment was entered.    Plaintiff moved for a new trial, which was denied, and from this order and the judgment the appeal is taken by him.

*Tompkins & Compton,* for Appellant.

I.    The Court erred in holding, that parol evidence was admissible to show that the words " in full satisfaction and discharge of their respective claims," were at the time of making the written agreement between McCahill and his creditors, left out by mistake.

1st. The evidence was inadmissible under the pleadings, no mistake in the agreement being alleged in the answer; therefore, neither parol or other evidence could be given under this answer to show that fact.    Parol evidence is inadmissible to vary, contradict, or add to a written agreement. (*Palmer* v. *Green,* 6 Cow. 14 ; *DeLong* v. *Stanton,* 9 Johns. 38 ; *Efner* v. *Shaw,* 2 Wend. 567 ; *Sessions* v. *Barfield,* 2 Bays, 594 ; *Brannan* v. *Mesick,* 10 Cal. 95 ; *Lee* v. *Evans,* 7 Id. 424.)

2d. If there be any mistake in the agreement, it cannot be shown in this collateral way.    The remedy in such a case is to

seek the aid of a Court of Equity to correct the mistake.    If it was possible for the defendant to avail himself of it in this action, it could only be after setting it up fully in the answer, and thus enabling the plaintiff to take issue upon it and prepare to meet it at the trial.

II.    The Court erred in allowing parol evidence to be given to show that prior to and cotemporaneous with the making of the written agreement it was the intention of McCahill's creditors to discharge him upon the payment of fifty cents on the dollar.

The intentions of the creditors are all merged in the written agreement itself, and whatever the contracting parties did not choose to incorporate in the writing was waived, and the writing cannot now be added to or varied by parol evidence.    (*Austin* v. *Sawyer*, 9 Cow. 39; *Falconer* v. *Garrison*, McCord, 209; *Gibson* v. *Wall*, 1 McCord Ch. 409; *Creesy* v. *Holley*, 14 Wend. 30; *Palmer* v. *Green*, 6 Cow. 14; *DeLong* v. *Stanton*, 9 Johns. 38; *Sessions* v. *Barfield*, 2 Bays, 94; *Bertrand* v. *Byrd*, 5 Ark. 65; *Brannan* v. *Mesick*, 10 Cal. 95; 2 Ark. 383; 7 Ves. 218; 4 Taunt. 786; 2 B. & C. 684; 1 Murph. 426; *Man. Co.* v. *Heald*, 5 Green. 381; *Brigham* v. *Rogers*, 17 Mass. 581; *West Man. Co.* v. *Siarle*, 15 Pick. 225; *Kellogg* v. *Richards*, 14 Wend., stated and noted, 451; *Wilson* v. *Harrison*, 3 Fairf. 58; *Small* v. *Quincy*, 4 Green. 497; *Wesson* v. *Carroll*, 1 Ala. 251; *Hamilton* v. *Wagne*, 2 Marsh. 331; *Bond* v. *Hass*, 2 Dall. 133; *Lee* v. *Biddle*, 1 Id. 175; *Pleasants* v. *Pemberton*, 2 Id. 196; *Norton* v. *Well*, Tyler, 381; *McMunn* v. *Owen*, 1 Yates, 135; *Morris* v. *Edwards*, 1 Hanson, 189; *Smith* v. *Goddard*, Id. 178; *O'Hara* v. *Hall*, 4 Dall. 340; *Clark* v. *McMillan*, 1 Car. Law R. 265; *Summerville* v. *Stephenson*, 3 Stewart, 271; *Eupuy* v. *Gray*, 1 Ala. 357; *Adams* v. *Beard*, 1 Blackf. 191; *Butler* v. *Suddith*, 6 Mon. 541; *Brayton* v. *Fowler*, 5 Mass. 1; *Cozzins* v. *Whitaker*, 3 Stewart & Porter, 322; *Stackpole* v. *Arnold*, 11 Mass. 27; *McFarlan* v. *Moore*, 1 Term Rep. 174; *Washburn* v. *Cordie*, 15 Pick. 53; *Johnson* v. *Miller*, 14 Wend. 199; *Brewster* v. *Countryman*, Id. 416; *Veacock* v. *McCall*, 1 Guff. 329; *Condiet* v. *Stephens*, 1 Mon. 74; *Harvey* v. *Grabham*, 5 Adoph. & E. 361; *Dean* v. *Mason*, 4 Cow. 428; *McKuman* v. *Hender-*

*son,* 1 Penn. 417 ; *Vandervoort* v. *Smith,* 2 Caines, 141 ; *Park-hust* v. *Van Causlandt,* 1 John. Ch. 822 ; *Stephens* v. *Cooper,* Id. 425, 429 ; *Gilpins* v. *Consignee,* 1 Pet. C. C. 85 ; *Hovey* v. *Newton,* 7 Pick. 29 ; 1 Con. 122 ; *Randall* v. *Phillips,* 1 Mason, 378, 383 ; *Durham* v. *Baker,* 2 Day, 137 ; *Tribble* v. *Oham,* 5 Marsh. 141 ; *Perrini* v. *Cheeseman,* 6 Halst. 174 ; *Boriman* v. *Johnston,* 12 Wend. 566 ; *Johnston* v. *Blackman,* 11 Cow. 350–353 ; *State* v. *Collins,* 6 Hanne, 142 ; *N. Y. Gas L. Co.* v. *Mec. Fire Ins. Co.,* 2 Hall, N. Y. 108 ; *Bradly* v. *Bently,* 8 Vt. 243 ; *Franklin* v. *Long,* 7 Gil. & John. 407 ; *Butch* v. *The Penn. Coal Co.,* 4 Rawle, 130 ; *Borger* v. *Foster and Bail,* Id. 540 ; *Brooks* v. *Mabbie,* 4 Stewart & Porter, 96 ; *Hightown* v. *Joy,* 2 Porter, 311, 312 ; *Mad* v. *Steger,* 5 Id. 504.)

III.   The garnishment of defendant was no bar to the action ; it could only operate as a suspension of proceeding until the attachment proceedings were disposed of.   (Drake on Attach. secs. 700, 701 ; *McFaddan* v. *O'Dowell,* 18 Cal. 160.)

*D. S. Terry,* for Respondent.

The written agreement of composition does not purport to be an entire contract, or to express fully the intention of the parties ; it is simply an assignment of the personal chattels, and the respondent is not bound by its recital as to consideration, but may show, by parol, other and additional considerations than those expressed in the paper.   (*Emmonds* v. *Littlefield,* 13 Me. 233 ; *Tyler* v. *Carleton,* 7 Greenl. 175 ; *Wallace* v. *Wallace,* 4 Mass. 135 ; *Wilkinson* v. *Scott,* 17 Id. 249.)

The evidence excepted to was offered to prove that the consideration for the assignment was on the part of the creditors to accept it as a full satisfaction of their claims against the respondent.   This evidence was properly admitted.   (See cases above cited ; 1 Parson's on Cont. 355, and notes.)   No attempt was made, nor any evidence introduced, to vary or contradict the terms of the agreement introduced in evidence.

The respondent only sought to show the intention of the parties to the agreement, and the consideration which induced him to enter into it.   This, as we have already shown, he had a right to do.

COPE, J. delivered the opinion of the Court—FIELD, C. J. and NORTON, J. concurring.

This is an action upon two accounts, one in favor of Taaffe, McCahill & Co., and the other in favor of Canfield, Pierson & Co., for goods, wares, and merchandise sold and delivered.   The plaintiff sues as assignee of these accounts, and the defendant sets up in defense a composition between him and the assignors of the plaintiff, by which it was agreed that upon the payment of fifty per cent. of the amount due he should be discharged from liability.   He avers performance on his part, except as to a small balance upon the account of Taaffe, McCahill & Co., and as to that avers that it has been attached in his hands at the suit of a creditor of that firm. On the trial of the case, the defendant gave in evidence a written agreement between him and his creditors, transferring to a trustee certain property, from the sales of which he was to pay the amount agreed on, but containing no provision for a discharge.   Parol evidence was introduced to show that this provision was omitted by mistake, which evidence was objected to as improper, and its admission is assigned as error.

It is well settled that verbal evidence is inadmissible to contradict or vary a written contract, but this rule is inapplicable where a mistake has been made, and the object is to correct it.   In this case, however, the mistake is not averred in the answer, and the agreement having been given in evidence without regard to the mistake, oral testimony was not admissible to vary it by the incorporation of a new term.   There is no doubt of the power of the Court to reform the instrument, but this could only be done upon a direct application, and the matter should have been stated in the answer as a distinct ground of relief.   Until reformed, the instrument must stand as the contract of the parties, and it was error to allow the defendant to prove a different contract, or to give evidence of an intention different from that actually expressed.   The rule upon the subject is universal and inflexible, and until the contract has been reformed so as to express the intention of the parties, the defendant cannot claim the benefit of that intention.

A point is made as to the validity of the agreement as stated in

the answer, it being contended that the agreement as therein set forth is without consideration and void. The answer states an agreement to accept fifty per cent. of the amount due, etc., and the authorities are unanimous that as between a debtor and a single creditor such an agreement is invalid. Where, however, several creditors are parties to the agreement the rule is different, the engagement of one being a sufficient consideration for the engagement of the others. This is the only consideration appearing in the answer, but the agreement given in evidence shows an additional consideration in the transfer of property for the payment of the amount. As it will be necessary to amend the answer before the case is retried, the foundation for the objection made, even if it were tenable, will be removed.

The only further point necessary to be noticed is in regard to the attachment, which we think is not so pleaded as to be effectual for any purpose. It is averred that an attachment was issued and levied, but beyond this nothing appears in relation to the attachment suit, except the names of the parties and the Court in which it was brought. The nature of the suit is not stated, nor is it alleged that the suit is still pending and undetermined, and the facts disclosed are insufficient to prevent a recovery. In no event was the defendant entitled to a judgment, for the only effect which the attachment could have was to suspend the proceedings, and whether well pleaded or not it was erroneous to treat it as a bar.

The judgment is reversed and the cause remanded.