## PIERSON v. McCAHILL.

AN appeal from an order refusing to change the venue of an action, operates as a stay of all further proceedings in the case in the Court below, until such appeal is determined.

An undertaking in the sum of three hundred dollars, as required by the three hundred and forty-eighth section of the Practice Act, is sufficient to perfect such appeal and stay proceedings.

If one of the terms of a written agreement is left out by mistake when the same is drafted, parol evidence of that fact may be received, and the agreement reformed and made to correspond with the intentions of the parties.

APPEAL from the Fifth Judicial District, San Joaquin County.

The facts which do not appear in the opinion will be found stated in 21 Cal. 122.

17

Pierson *v.* McCahill.

*George W. Tyler*, for Appellant.

The Practice Act (Sec. 347) provides that an appeal may be taken from the District Court to the Supreme Court " from an order refusing to change the place of trial, after a motion is made therefor, in the cases provided by law."

Plaintiff moved for a change of venue, on the ground that " the convenience of witnesses and the ends of justice would be promoted by the change," which is one of " the cases provided by law." (Pr. Act, Sec. 21.)

It will be seen that this is not one of the cases provided by the statute, in which it is necessary to file an additional bond, other than the bond for three hundred dollars, as provided in Sec. 348. Such being the case, it is plain that the appeal from the order of the Court refusing to change the place of trial was a " stay of all proceedings " in the case.

It is a well-established proposition of law, that a plea of payment of a smaller sum is not a good plea in bar of an action for a greater; and the only ground upon which Courts have sustained composition agreements is, that not to sustain them would work a fraud upon other creditors, or might work such fraud. They have therefore held, that the promise of one creditor was a good consideration for the promise of another.

The principle of the rule does not exist in this case. Here, all the balance of the creditors have been paid, and have given receipts in full of all demands to the defendant.

" When the reason of a rule no longer exists, the rule itself ceases," is a maxim too well known and recognized to be disregarded.

The Court will bear in mind that this is in effect a bill for a specific performance of the contract, as well as a bill to reform a mistake in the instrument itself; and the findings of the Chancellor, and the decree entered, is for a reformation of the instrument, and then for a specific performance of the contract.

I lay down the proposition, without fear of successful contradiction, that the weight of authority is in favor of the doctrine that Courts of Equity never interfere in cases of this kind. (Com.

Pierson *v.* McCahill.

Dig. Chancery, 2 C. 16; *Jaynes* v. *Statham,* 3 Atk. 388; *Garrard* v. *Grenling,* 2 Swanst. 257; *Pitcairne* v. *Ogbourne,* 2 Ves. 375; *Mason* v. *Armitage,* 13 Id. 25; *Clark* v. *Grant,* 14 Id. 519; *Hepburn* v. *Dunlap,* 1 Wheat. 197; *Clowes* v. *Higginson,* 1 Ves. & B. 524; *Winch* v. *Winchester,* 1 Id. 375; *Ramsbottom* v. *Golden,* 1 Id. 165; *Flood* v. *Finley,* 2 Ball & B. 53; *Townsend* v. *Stangroom,* 6 Ves. 325; *Price* v. *Dyer.*) The foregoing authorities as to the point that Courts are not bound to interfere, but that it is merely a matter of discretion; and the following, as to whether they will exercise that discretion in a case of this kind, deciding that they will not. (*Woolam* v. *Hiam,* 7 Ves. 211; *Higginson* v. *Clowes,* 15 Id. 516; *Clinan* v. *Cook,* 1 Sch. & Lef. 38, 39; *Clowes* v. *Higginson,* 1 Ves. & B. 524; *Rich* v. *Jackson,* 6 Ves. 335, 4 Bro. Ch. 514; *Ogilvie* v. *Foljambe,* 3 Meriv. 53, 63; Jeremy on Eq. Jur. B. 3, Pt. 2, Ch. 4, Sec. 1, 432.)

I do not contend but what an equitable defense to an action at law may be plead and determined in the same suit; but I do contend that they must be tried separately, and this Court has so decided in several cases. (See *Weber* v. *Marshall,* 19 Cal. 447; *Arguello* v. *Edinger,* 10 Id. 159.) The only question then that could be passed upon by the Court, was the one raised by the amended answer, setting up a mistake in the written agreement. This was an equitable defense to only a part of the amount sued for, in case the Judge, sitting as a Chancellor, should decree a reformation of the instrument. As to the amount due us, providing a reformation was ordered; and as to whether there was a tender of amount due before suit was brought; and as to whether the one hundred dollars had been garnisheed prior to the commencement of this suit; are questions for a jury to pass upon, and the Chancellor has nothing to do with them. We had no right to claim a trial by jury on the equitable defense, but we had a right on the legal, and we have never waived that right. Under the old practice, a party would have been driven to his bill in equity to reform the instrument. Our practice has, perhaps, changed it so that the defense may be set up in an action at law; but in a case of that kind, the equitable issue should be first tried by the Court, sitting as a Chancellor, and if a reformation is decreed, then the

case is ready for trial, by a jury, unless a jury is waived, upon the legal issues raised by the pleadings. (*Weber* v. *Marshall*, 19 Cal. 447.)

The Court erred in ordering a reformation of the agreement upon the evidence offered in this case.

*Hall & Scaniker*, for Respondent.

The power of the Court to hear and determine the cause, was not suspended by the appeal from the order refusing change of venue, under the operation of Sec. 353 of the Practice Act. That section has reference to the "preceding sections" (Secs. 346–352), wherein a stay is provided for, of judgments or orders, commanding some act or thing to be done; and the section restricts the stay, in general terms, to "the matter embraced therein;" saving the right of the Court to proceed "upon any other matter." But the section in question clearly was not intended to give to an undertaking, under Sec. 348, the effect of a stay in any case, for the latter section purports only to provide an indemnity against costs and to render the appeal complete, whilst the implication arising from the express directions of the next succeeding section deny to Sec. 348 any greater effect.

Besides, the order of refusal was not an order commanding the plaintiff to do any act or thing; it merely denied to the plaintiff the claim which he made, which was, that he should not be required to go to trial in that Court.

The trial was proceeded with, not by operation of the order, but under provisions of law, and the practice of the Court. (Practice Act, Sec. 356; *Merced Mining Co.* v. *Fremont*, 7 Cal. 130; *Hicks* v. *Michael*, 15 Id. 108.)

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This case has been previously before this Court on two separate appeals. One will be found reported in 21 Cal. 122, and the other in 22 Id. 127. In the first appeal the judgment for the defendant was reversed. The second case was an appeal from interlocutory orders, one of which was a denial of a motion to change the venue,

Pierson *v.* McCahill.

in which the action of the Court below was affirmed.    While this second appeal was pending, the action was brought on for trial by the defendant, and the plaintiff applied to the Court for a continuance, upon the ground, among others, that the appeal from the order refusing to change the place of trial was still pending.    The Court refused the continuance, and compelled the plaintiff to go to trial, which he now assigns as error.

The plaintiff contends that, having filed the undertaking on this appeal in the sum of three hundred dollars, required by Sec. 348 of the Practice Act, the appeal was perfected, and it operated as a stay of all further proceedings in the case in the Court below until such appeal was determined, under the provisions of Sec. 353.    We think such is the proper construction of the statute upon the subject. . In cases of appeal from an order refusing a change of venue, the statute has required no other or further undertaking than that prescribed by Sec. 348.    The necessity that there should be a stay of proceedings in an appeal from such an order is apparent; as otherwise the party appealing might be forced to a trial in the wrong county, before the appeal was determined, and thus he would lose all benefit from his appeal in case the order should be reversed ; or else we would be compelled to hold that such reversal would operate as a reversal of any judgment which might in the meantime have been rendered against the appellant.

Sec. 353 was evidently intended to provide for a stay of proceed-. ings in cases of this kind.    It is true that that section provide s that " the Court below may proceed upon any other matter included in the action, and not affected by the judgment, or order appealed from."    But the very matter affected by the order appealed from in this case was the right of the Court below to try the case, and whether the trial should not be had in some other county, before another Court.    It was a matter affecting the *trial* of the case, and no trial could properly be had until the appeal from the order relating to the proper place for that trial had been determined.    All other matters, except the trial of the case, could be properly proceeded with during the pendency of the appeal.,    It follows that the Court erred in refusing the continuance.

The defendant's witnesses testified that Henderson was the agent

selected by the creditors to receive the proceeds of the goods for the creditors, and that the William Hgigins mentioned in the agreement was but a sub-agent of Henderson; and this was objected to by the plaintiff, on the ground that it was allowing parol testimony to vary the written agreement as to who was to take charge of and sell the goods. We do not consider this objection tenable. It was merely explanatory of the relation of one of the parties to the agent named; Henderson being one of the creditors who signed the agreement. If the creditors saw fit, after the agreement was executed, to change their agent, and put Henderson instead of Higgins to sell the goods, they had a right so to do; and parol proof of that fact was not varying the agreement, but merely showed a subsequent change therein.

The appellant further contends that the Court below erred in finding that there was a mistake in the agreement as alleged in the answer, and erred in correcting the mistake, and in rendering judgment according to the agreement, as thus corrected. The simple question to be determined was, whether one of the terms of the agreement had been omitted by mistake in drafting the contract. It was purely a question of fact, to be determined from all the evidence and all the circumstances of the case. It appears that an agreement had been drawn up by an attorney; but, it being quite voluminous, the parties requested Miller, one of the creditors, to shorten it. He undertook to do so, but by mistake left out one of the terms of the agreement, as drawn up by the attorney, to wit: that the defendant was to be released upon the payment of fifty per cent. upon his debts. It does not appear to be disputed that this was one of the terms of the first instrument drawn by the attorney, and that that instrument embodied the contract of the parties. Although the parol evidence is conflicting, yet this fact is a very strong circumstance to sustain the finding of the Court. We see no more reason for disturbing this finding of the Court in this case than in other cases. The weight of testimony, we think, is in favor of the finding. The judgment should not, therefore, be disturbed on this ground; but as the Court erred in refusing the continuance of the cause, for the reason above given, the judgment is reversed, and the cause remanded for a new trial.