PIERSON, Appellant, v. McCAHILL, Respondent.

No. 786; April 5, 1866.

**Evidence—Parol to Explain Written Contract.**—The defendant may not introduce at the trial oral testimony to vary or contradict the terms of a written contract sued upon, when his answer contains no averment of mistake, etc., in that connection; but if, by leave of the court, he so amends the answer as to make it show the contract as he claims its terms really were, alleging that a material term had been omitted in the writing, and also to make it ask for a reformation in that respect and that the contract as reformed as asked be enforced in his favor, then such testimony is admissible.

**Compromise of Debt.**—A Contract Whereby a Single Creditor Agrees with his debtor to compromise the debt cannot be enforced, but where various creditors have so contracted with a common debtor the case is different.

**Judgment—Naming a Sum.**—A Sum is not the Less Included in a judgment if, instead of being named there in figures, it is referred to in apt words to indicate money then on deposit in court.

G. W. Tyler for appellant; J. B. Hall for respondent.

SAWYER, J.—This is the fourth appeal in the case: See 21 Cal. 122; 22 Cal. 128; 23 Cal. 249. The questions raised and discussed in the briefs all arise on the judgment-roll. On the first trial the defendant introduced under objection parol evidence to show that a written contract between the parties, before put in evidence, did not contain the entire contract—that a material term of the contract in favor of the defendant had been omitted by mistake of the scrivener in drafting the instrument. But the mistake was not set up in the answer.

The judgment in favor of the defendant was reversed principally on this ground. The court say: "It is well settled that verbal evidence is inadmissible to contradict or vary a written contract, but this rule is inapplicable where a mistake has been made, and the object is to correct it. In this case, however, the mistake is not averred in the answer, and the agreement having been given in evidence without regard to the mistake, oral testimony was not admissible to vary it by the incorporation of a new term. There is no doubt of the power of the court to reform the instrument, but this could only be done upon a direct application, and the matter should have been stated in the answer as a distinct ground of relief. Until reformed, the instrument must stand as the contract of the parties, and it was error to allow the defendant to prove a different contract, or to give evidence of an intention different from that actually expressed. The rule upon the subject is universal and inflexible, and until the contract has been reformed so as to express the intention of the parties, the defendant cannot claim the benefit of that intention. . . . . As it will be necessary to amend the answer before the case is retried, the foundation for the objection made, even if it were tenable, will be removed."

When the case went back for new trial, the defendant, in pursuance of the suggestion in the opinion, by leave of the district court, filed an amended answer, in which they set up the contract as it was claimed to have been made, and alleged that a material term of the contract had been omitted by a mistake, and asked that it be reformed by the court and then enforced in his favor as corrected. On the second appeal it was held that the amended answer was properly filed: 22 Cal. 130. The defendant having succeeded on a trial upon the merits, a third appeal was taken by the plaintiff. The principal question now made was then presented and decided against the plaintiff, but the judgment was reversed because the court below refused to continue the cause pending an appeal from an order refusing to change the place of trial: 23 Cal. 254. That the answer discloses a case which justifies a reformation of the agreement, and that parol evidence is admissible to show the mistake under the present answer was, we think, substantially decided on the previous appeals: 21 Cal. 122, and 22 Cal. 127, and 23 Cal. 250. At all events, we think

the answer sufficient, and that it presents an equitable defense. No question as to the admissibility of parol testimony is presented by the record. There is nothing in it to show that parol evidence was introduced. But there can be no doubt that, under the answer as it now stands, parol evidence was admissible to show the alleged clerical mistake in omitting one of the terms of the contract: 1 Story's Equity Jurisprudence, sec. 152 et seq.

The validity of the compromise by which the various creditors agreed to accept a part in satisfaction of the whole debt is also sustained in the decision on the first appeal: 21 Cal. 129. Such compromises stand upon a different footing from those agreements in which a single creditor, without reference to any other, agrees with his debtor without consideration to receive a part in satisfaction of the whole debt.

There is no foundation in the record for the last point made by appellant that the court erred in not giving judgment for the one hundred and twenty-four dollars and forty-three cents. The findings are in accordance with the answer, and they and the judgment show that this sum was on deposit in court, and the judgment directs it to be paid over to the appellant—the plaintiff in this suit.

We find no error in the record. Judgment affirmed.

We concur: Rhodes, J.; Sanderson, J.