[No. 1170.]

## THE STATE OF NEVADA, EX REL. THOMAS BAR-NETT, ASSIGNEE, RELATOR, *v*. FIFTH JUDICIAL DISTRICT COURT, RESPONDENT.

INSOLVENCY, ADJUDICATION OF—EFFECT ON PENDING ACTIONS—JURISDICTION.—
When an appeal is taken from a judgment rendered in a justice court and, pending the appeal in the district court, the debtor is adjudged insolvent by the district court of another county, a motion to stay proceedings, without a proper showing of the adjudication of insolvency, or of the order staying proceedings issued therein, does not divest the district court to which the appeal is taken of its authority to proceed, so as to make its subsequent action void.

IDEM—JUDICIAL NOTICE OF.—The district court is not bound to take judicial notice of the proceedings of the district court of another county; and a disregard of an adjudication of insolvency there made, even if properly proven, would amount to no more than error.

APPEAL FROM JUSTICE COURT—DISMISSAL OF—EFFECT OF.—By dismissing the appeal taken herein, the district court divested itself of authority to proceed further, except to include costs on dismissal. District courts have no power to impose damages for frivolous appeals, nor to directly, and without trial, reverse or affirm judgments brought by appeal from justices courts. Such cases must be tried anew.

APPLICATION for writ of *certiorari*.

The facts are stated in the opinion.

*S. D. King*, for Relator :

I. The pendency of the insolvent proceedings, and the order staying proceedings, in the district court of Washoe county, operated of their own force to stay the proceedings in the district court of Nye county and that court was without authority to render any judgment. (Stat. 1881, 126, secs. 10, 15; *Tuffts* v. *Manlove*, 14 Cal. 47; *Cerf* v. *Oaks*, 59 Cal. 132.)

*D. S. Truman*, for Respondent :

I. The district court of Nye county had a right to determine the matter involved in the appeal from the justice's court regardless of any insolvency proceedings of Raphael, which were subsequently instituted in another judicial district of this state. (*Amador C. & M. Co.* v. *Mitchell*, 59 Cal. 169; Truman on Ex. 313; *Guild* v. *Butler*, 122 Mass. 498.)

By the Court, BELKNAP, J.:

Brennan recovered judgment against Raphael in the justice's court for the sum of two hundred and twenty-eight dollars and fifty cents and costs, upon a moneyed demand. Raphael appealed to the district court. The case was called for trial upon the twenty-seventh day of July, whereupon counsel for appellant moved a stay of proceedings upon the ground that since the appeal had been taken his client had been adjudged an insolvent, under the insolvency laws of the state, by the seventh judicial district court. The motion was denied because of the incompetency of the evidence by which the fact was sought to have been established, the only evidence being a printed slip, presumably taken from the newspaper in which the order for the meeting of creditors was published, as provided in section eight of the act for the relief of insolvent debtors. (Stat. 1881, 125.) A motion to dismiss the appeal was then made and sustained, and the case dismissed. Subsequently the court took under advisement a motion for judgment for damages and costs, and two days thereafter sustained this motion, awarding plaintiff ten per cent. of the amount of the judgment rendered by the justice as damages. Judgment was accordingly entered dismissing the appeal, affirming the judgment of the justice, with the damages sustained by reason of the appeal, and costs. Certiorari is brought for the purpose of reviewing these proceedings.

1. The relator relies upon the order staying proceedings as divesting the district court of jurisdiction. The cases of

*Taffts* v. *Manlove*, 14 Cal. 47, and *Cerf* v. *Oaks*, 59 Cal. 132, are referred to as sustaining this position. In these cases the estates of the insolvents were seized under process issued at the suits of creditors whose claims were provable in the insolvency proceedings. The courts having jurisdiction of the proceedings, acquired control of the property of the insolvents, and it was their duty to protect the assets so that distribution could be made as required by law. In the former case it was held that notice of the order staying proceedings, either to the officer or creditor, was unnecessary; that the effect of the order was from the making of it; and that the proceeding was in this respect more in the nature of a proceeding *in rem* than *in personam*. "If this were not so," said the court, "these proceedings might be made the means of the greatest frauds, and the statute would wholly fail of its purpose of distributing the insolvents' property, and the construction would defeat the power to allot anything to the petitioner; for if the personal service were necessary to give effect to the order, a creditor, or a few creditors, might keep out of the way of service and have the others restrained by service, and then those not served might come in and sweep all of the property." (14 Cal. 52.) The general principle which was here acted upon affords no foundation for the idea that the proceedings in insolvency deprived the district court of jurisdiction. The subject-matter and the parties were within its jurisdiction, and the order staying proceedings did not divest it of authority to proceed so as to make its subsequent action void.

The object of the provision requiring that all proceedings against the debtor shall be stayed, is to preserve the estate of the insolvent for proportionate distribution among his creditors, and to protect him against needless lawsuits. The court in which the insolvency proceedings are instituted has control of the estate, and will protect it against creditors seeking to enforce the collection of their claims in any manner calculated to interfere with the operation of the insolvency law. Litigation is therefore, in general,

unneccessary, except to establish disputed demands. If controversies arise which require an appeal to the courts, the law provides, at section 15, that not only the assignee may sue, and be sued, "in everything which respects the rights and actions which may belong to the insolvent, or which may concern the mass of the creditors," but, that "all suits brought against the insolvent, prior to his surrender of property; before the courts of other counties, shall be transferred to the court having jurisdiction in the county in which said insolvent shall have presented his schedule, and may be continued on motion and notice against his assignee." If the assignee, or the debtor, allows an action brought before the institution of the proceedings to proceed to judgment without this transfer or substitution, and without informing the court in some proper way of the adjudication of insolvency, or of the order staying proceedings, we see no reason why the judgment should be treated as void in the absolute sense. The district court was not bound to take judicial notice of the proceedings of the seventh district court. If the order and adjudication had been disregarded after having been proven, the action of the court would have amounted to no more than error. (*Bandy* v. *Ransom,* 54 Cal. 88; *People* v. *Whitney,* 47 Cal. 584; *Pierson* v. *McCahill,* 23 Cal. 249.)

2. After dismissing the appeal the court affirmed the judgment rendered by the justice, with damages and costs. The appeal alone had given the court jurisdiction of the case. By dismissing it, the court divested itself of authority to proceed further, except to include costs on dismissal, and left the judgment of the justice in full force, save as affected by the order staying proceedings.

The review upon *certiorari* is confined to the question of jurisdiction, and no other matter appearing in the record has been considered. It is proper to state, however, that district courts are not authorized to impose damages for frivolous appeals, nor to directly, and without trial, reverse or affirm judgments brought by appeal from justices' courts. Such cases must be tried anew. (Section 1643, Comp. Laws.)

· The judgment, beyond that of dismissal, with costs, is annulled. Costs of this proceeding to be taxed against respondent.