Sullivan, C. J., and Huston, J., concur.

---

(December 21, 1892.)

## VAN NESS v. McLEOD.

[31 Pac. 798.]

ATTACHMENT — GARNISHEE—DEFRAUD CREDITORS.—1. An attachment suit is commenced by the First National Bank of Hailey against Bews, J. W. Hodgman et al., and the writ of attachment is served upon George A. McLeod, as garnishee. Thereafter Van Ness brings suit against McLeod, on two promissory notes.

NOTES TRANSFERRED TO DEFRAUD.—2. McLeod files a motion supported by affidavit for a suspension of proceedings in the latter suit,

until his liability as garnishee in the attachment suit be determined, alleging that the notes upon which he is sued are the property of Hodgman, and were transferred to Van Ness to defeat and defraud his creditors.

PROCESS OF GARNISHMENT.—3. Held, that proceedings in the latter suit should be suspended until the liability of McLeod in the garnishment proceedings are determined. Held, also, that property or debts transferred by a defendant in attachment in fraud of creditors may be reached by the creditors by process of garnishment, although the defendant could not recover them himself. Appeal from Alturas county. Judgment reversed.

(Syllabus by the court.)

APPEAL from District Court, Alturas County.

Angel & Loy, for Appellant.

The garnishee cannot plead the pendency of the attachment suit in abatement of an action, subsequently brought against him, by the debtor in the attachment. Nor can he safely pay his creditor, the debtor in attachment, so long as the proceedings by attachment are in force. The proper course is for the court to order a suspension of the action against the garnishee by his creditors until the attachment proceedings are disposed of. (3 Estee's Pleading and Practice, sec. 4175; *McFadden v. O'Donnell*, 18 Cal. 160; *McKeon v. McDermott*, 22 Cal. 667, 83 Am. Dec. 86; *Pierson v. McCahill*, 21 Cal. 122.) Stipulations for attorneys' fees are not rigid, unbending contracts, to be enforced literally under any and all circumstances, but are under the control of the court. They are in the nature of the stipulated damages for breach of contract. (*Peyser v. Cole*, 11 Or. 39, 50 Am. Rep. 451, 4 Pac. 520; *Balfour v. Davis*, 14 Or. 47, 12 Pac. 89; *Jaquith v. Hudson*, 5 Mich. 123; *Myer v. Hart*, 40 Mich. 517, 29 Am. Rep. 553.)

Bruner & Parsons, for Respondent.

The garnishee is not chargeable unless the defendant could recover of him what the plaintiff seeks to secure by garnishment. (Waples on Attachments, sec. 202; Drake on Attachments, sec. 458; *Sickman v. Abernathy*, 14 Colo. 174, 23 Pac. 447; *Perea v. Bank*, 6 N. Mex. 1, 27 Pac. 322; *Hassie v. Congregation*, 35 Cal. 378; *Grain v. Aldrich*, 38 Cal. 520, 99 Am. Dec. 423.) There being no statement or bill of exceptions,

nothing can be considered but the judgment-roll. (*McCoy v. Oldham,* 1 Idaho, 465.)

MORGAN, J.—This action was brought June 22, 1891, by J. H. Van Ness, plaintiff, against George A. McLeod, defendant, on two promissory notes executed and delivered by said defendant to one David Earhart, who assigned said notes to plaintiff herein before maturity. Defendant demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. On December 8, 1892, defendant filed a motion in the district court for Alturas county, where this action was pending, to suspend further proceedings in above cause pending a decision in the case of *First National Bank of Hailey v. J. W. Hodgman et al.,* then pending in said court, in which proceeding defendant had been garnished, as debtor of said Hodgman, by said bank. By the provisions of section 4308 of the Revised Statutes of Idaho, the plaintiff in an attachment suit, if he is informed or has reason to believe that any person is owing any debt to the defendant in said suit, may require the sheriff to serve upon said person a copy of the writ, and a notice that such credits or other property or debts are attached in pursuance of such writ. Section 4309 provides that all persons having in their possession or under their control such credits, unless such debts be paid to the sheriff, shall be liable to the plaintiff for the amount of such debts, until the attachment be discharged, or any judgment recovered by him be satisfied. It is a general rule under these statutes, and the decisions of the courts in reference thereto, that the garnishee is liable to the attaching creditor to the amount of his indebtedness to the defendant in the attachment suit; and, if the garnishee is sued by his creditor (the defendant in the attachment suit) he can procure a suspension of proceedings in said action, until his liability to the attaching creditor shall be determined. The method of procuring such suspension is by motion based upon an affidavit stating that he has been garnished in a suit wherein his creditor is defendant, and asking a stay of proceedings until his liability in the attachment suit then pending shall be determined. Upon presentation of this motion, and a proper affidavit, further proceeding in the cause should be suspended. (3 Estee's Pleading and Practice, sec.

4175; *McFadden v. O'Donnell,* 18 Cal. 160; *McKeon v. Mc-
Dermott,* 22 Cal. 667, 83 Am. Dec. 86; *Pierson v. McCahill,*
21 Cal. 122; *Winthrop v. Carlton,* 8 Mass. 456; Wade on At-
tachments and Garnishments, sec. 501.) The plaintiff, how-
ever, contends that the indebtedness of McLeod to Hodgman
cannot be reached by the attaching creditor by garnishment,
because the notes which were the evidence of such indebted-
ness had been transferred to Van Ness (plaintiff in this ac-
tion), and cites Waples on Attachments, 202, 215, and other
authorities. These authorities do not sustain the contention.
It is true the general rule is, as stated, that the garnishee is
not chargeable unless the defendant in the attachment suit
could recover of him what the creditor seeks to secure by gar-
nishment; but an exception exists in the case where the debt,
or the evidence thereof, is transferred to a third party, for the
purpose of its being reached by his creditors, or in fraud of their
rights. In such a case the defendant in the attachment could
not recover the indebtedness, but his creditor may. The fraud-
ulent transfer debars the defendant from suing for it, but it is
no estoppel should the plaintiff in the attachment suit seek to
reach the property in the assignee's hands by process of gar-
nishment. (Waples on Attachments, 215.)

The plaintiff in the attachment suit could treat the property
or debt as still belonging to the defendant, though in the hands
of a third person; yet the defendant could not claim it as his,
and have his right of action against such third person. In the
case at bar the defendant, McLeod, alleges in his affidavit that
the said notes are actually the property of J. W. Hodgman,
the defendant in the attachment, and that they were given to
said Earhart and transferred to Van Ness at the request of
Hodgman, without consideration, in fraud of and with the view
of preventing his creditors from reaching them. If this is true,
and it must be taken as true for the purpose of this motion,
then the further prosecution of the case against McLeod should
have been suspended until the determination of the principal
suit. (*Sickman v. Abernathy,* 14 Colo. 174, 23 Pac. 447.)
The validity of the assignment, and the question as to whether
the notes in fact were and are the property of the defendant
J. W. Hodgman, may be tried in the garnishment proceeding

instituted by the First National Bank against Bews, Hodgman et al., and this suit should await the trial of such issue. (*Lee v. Tabor,* 8 Mo. 233; *Perea v. Bank,* 6 N. Mex. 1, 27 Pac. 322.) The contrary doctrine would compel this court to assist in making successful a fraudulent transfer of choses in action to defeat the claims of creditors, and would enable the debtor in many cases to defeat his creditors by a fraudulent transfer of his property—a position against law and good conscience. It is the opinion of this court that the judgment of the district court should be reversed, and the cause suspended until the question of the liability of the defendant, McLeod, to the attaching creditor be determined; and it is so ordered. Costs awarded to appellant.

Sullivan, C. J., and Huston, J., concur.