# 𝔚𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

ACKER v. A. & F. RAILROAD CO.

MARCH 22d, 1888.

Absent, Richardson, J.

1. APPELLATE PROCEEDINGS—*Supersedeas bond.*—Excluding the three days the court held petition and record before granting writ of error, a *supersedeas* bond given within one year from the date of the judgment, is in time.

2. IDEM—*Payee.*—*Supersedeas* bond made payable to the commonwealth is sufficient. Code 1873, ch. 12, §§ 6–8.

3. IDEM—*Clerical omission.*—Bond reciting the judgment as that of "the circuit court of Alexandria," omitting the words "the city of," is not vitiated by such omission.

4. IDEM—*Waiver of homestead.*—A bond not containing "a waiver of homestead" may be insufficient, and may be made sufficient at any time on the motion of the defendant in error, but it is not a *void* bond.

5. RAILROADS—*Liabilities—Evasion.*—By executing deed conveying its road, franchises, &c. to trustees selected by itself, a railroad company cannot evade its legal liabilities for injuries subsequently done to persons and property by the negligent operation of its road. *Naglee* v. *A. & F. railroad Co.,* 83 Va., 707.

Error to judgment of circuit court of city of Alexandria, rendered September 28th, 1887, in an action wherein John F. Acker is plaintiff and the Alexandria & Fredericksburg railroad company is defendant. During the trial the court gave to the jury an instruction to which the plaintiff excepted. The verdict was for the defendant. The plaintiff moved for a new trial, which being refused, he excepted. The court cer-

tified the evidence, and the case is here upon writ of error. Opinion states the case.

*H. O. Claughton*, for the plaintiff in error.

*F. L. Smith*, for the defendant in error.

FAUNTLEROY, J., delivered the opinion of the court.

Preliminary to reviewing the action of the trial court as presented by the record, we are called upon to decide a motion to dismiss the writ of error upon the ground, first, that the bond which was required to be given by the appellant before the writ of error and *supersedeas* should take effect, was not executed in the time required by law; and secondly, that the bond given in the case is not such a bond as is required by the statute, Acts of Assembly, extra session, 1884, page 21.

The actual date of the judgment to which the writ of error and *supersedeas* was awarded, was on the day of its rendition, September 28th, 1886, at a term of the court which began on the 27th, while the appeal and *supersedeas* bond was given on the 28th of September, 1887.

The objection that the bond was not given in time is not well taken; for, excluding the *three* days during which the petition and the record were in the hands of the court, the bond was, indisputably, given within one year from the date of the judgment; and this is the fact, even though the fiction of the law that a judgment obtained on any day of the term operates, for some purposes, as though it had been rendered on the first day of the term, could be held to change the actual day or date of the judgment.

The second ground for the motion to dismiss rests upon mere clerical errors. The first error alleged is, that the bond is made payable to the commonwealth. By the 6th section of chapter 12 of the Code of 1873, it is provided that *every bond*

required by law to be taken or approved of, by any court or officer, shall be made payable to the commonwealth of Virginia. Section 8 of the same chapter provides that notwithstanding what is provided in the 6th section as to any bond to be taken or approved of by any officer, certain bonds embraced in section 6 *may* be made payable to any person who may be injured by any breach of the condition of such bond. In either form, the bond is equally available and efficient for the protection of the defendant in error. The second error alleged is, that the bond does not recite the judgment as the judgment of the circuit court of the city of Alexandria, but as "a judgment of the circuit court of Alexandria." This is a mere clerical omission, as obviously appears by the record upon which the writ of error was awarded. The bond is, in form and substance, a substantial compliance with the statue; and all that could be recovered upon the bond if it were in the very words of the statute, can be recovered in an action upon this bond for a breach of its condition. It is contended that, as the bond does not contain a waiver of the homestead exemption, it is, therefore void. There is a great and essential difference between a *void* bond and an *insufficient* bond. The bond may be, in the judgment of the defendant in error, insufficient for his protection, because of the omission ot this directory provision of the statute; and he could, at any time, have moved to have the bond made sufficient and satisfactory in this particular; but the bond is a complete and binding obligation, sufficient in form and substance to protect the defendant in error, who has omitted until now, to object to some merely formal and clerical deficiencies, which it would be inequitable for this court *now* to regard, and by so doing, deprive the appellant of his right to his writ of error. The clerk who took the bond, certifies that the principal in the bond is a non-resident of the State and not entitled to any homestead; and that he gave security for costs, as required by the defendant in error, and that the surety justified in the terms

of the statute. The errors complained of, as a ground for the motion to dismiss the writ of error, are merely clerical and not vital; and may be amended by the record upon which the writ of error was awarded. The motion to dismiss is, therefore, overruled.

It appears from the transcript of the record, filed with the petition, that at the trial of this action the plaintiff prayed for certain instructions, two in number, which the court refused to give; and the defendant prayed for three instructions, which the court granted; to which action of the court the plaintiff excepted.

It is only necessary to notice the second instruction for the defendant, given by the court, by which the court instructed the jury, "that if they believe, from the evidence, that on the 3d day of December, 1883, the trustees, under the mortgage or deed of trust of the Alexandria and Fredericksburg Railway Company, dated June 1st, 1876, were in possession of and operating the railway and other property of said company, etc., they must find for the defendant."

This instruction is erroneous, as was decided by this court in the recent case of *Naglee* v. *Alexandria and Fredericksburg Railway Company,* 83 Va., 707.

The jury, under the instructions given by the court, found a verdict for the defendant; whereupon the plaintiff moved the court to grant him a new trial, which motion the court overruled; to which said ruling the plaintiff excepted.

The circuit court erred in refusing to grant a new trial; and, for this error, and the error of the second instruction given as aforesaid for the defendant, the judgment complained of must be reversed and annulled, and the case be remanded to the said circuit court for a new trial, to be had in accordance with this opinion.

JUDGMENT REVERSED.