9    887
96   382

## CRAWFORD v. SLADE, ADM'R.

1. A pending attachment for the same debt, cannot be pleaded in abatement of the writ, but to suspend further proceedings in the cause for the present. The prayer of the plea is, not *that the writ be quashed,* but " whether the court will compel further answer."

2. The same object may be accomplished by a suggestion to the court of the pendency of such suit, which will thereupon suspend further proceedings until the attachment suit is determined; and this suggestion may be made after judgment rendered, when the court will direct a stay of execution pending the attachment suit.

3. A demurrer to a plea in abatement, does not open the previous pleadings, as it goes to the action of the writ, and does not reach the declaration.

Error to the Circuit Court of Mobile.

Assumpsit on promissory note, by the defendant, as administrator of Thomas Few, against the plaintiff in error.

The declaration alledges the making of the promissory note sued on by the plaintiff in error, to James B. Slade, or bearer, for $730 90, negotiable and payable at the Branch Bank at Mobile, by whom it was indorsed to the plaintiff's intestate, and alledges a promise by the defendant, to pay him the amount of the note, &c.

To this plea the defendant in proper person, filed his plea in abatement, "that on the 16th April, in the year 1838, at, &c. he made and delivered the said promissory note, upon which the said action is founded, to one David Jones, late of the county aforesaid, and that on the 29th July, in the year 1839, a writ of garnishment issued from the Circuit Court of the United States, in and for the ninth judicial circuit, at the instance, and in the name of Waldron, Thomas & Co. commanding the said William Crawford, to appear at the next term of the said Circuit Court, to be holden in the city of Mobile, and answer on oath, what he was indebted at that time to the said David Jones, to whom the said note was made and delivered, and to William S. Aubrey, lately trading under the firm of D. Jones & Co. ; that the said David Jones, the partner in the mercantile firm of D. Jones & Co. is the identical D. Jones, to whom the said promissory note was made and delivered, and that he is the same David Jones, against whom, together with the said William S. Aubrey, the said Waldron, Thomas & Co. obtained judgment in the said Circuit Court of the United States. And that upon that judgment the said writ of garnishment issued to the said William Crawford, and that the said writ of garnishment was served on the said defendant before the return day thereof, and was duly returned to the said court, and that the debt due from the defendant on the said note, was then and there attached, and placed in the custody of the law, and that the said garnishment and attachment are still pending and undetermined

Crawford v. Slade, Adm'r.

in the said Circuit Court of the United States; and he further saith, that the said note was transferred to the said Thos. Few after its maturity, to wit: after the 20th October, 1838, all of which he, the said William Crawford, is ready to verify, wherefore he prays judgment of the writ, and that the same may be quashed." The plea was verified by affidavit.

To this plea the plaintiff demurred, and the court sustained the demurrer, and required the defendant to answer further to the declaration, and issue being joined thereon, the jury found for the plaintiff, $1051 27, for which the court rendered judgment.

The assignments of error are—

1. The judgment of the court on the demurrer to the plea.

2. The want of profert of letters of administration.

3. In stating the liability of the defendant to arise from a promise to the plaintiff, when the note was assigned to the intestate in his lifetime.

4. The promise is not made to him as administrator, and is without consideration.

5. In not alledging that the money was not paid to the intestate in his lifetime.

6. In rendering judgment for the amount of the note and interest, when it is shown by the plea that the debt was attached.

W. CRAWFORD, *pro se*, submitted an elaborate argument, in which he contended, that as the Circuit Court of the United States had jurisdiction to issue garnishee process, and as it had taken jurisdiction in this case, it could only be inquired into by an appellate court. That the Courts of the United States, though courts of limited jurisdiction, were not inferior courts in the common law sense of the term, and their judgments binding on all other courts, when brought in question collaterally.

LESSESNE, contra, relied upon the decision in the case of Crawford v. Clute & Mead, 7 Ala. 157, as authority that the plea was bad. In addition he insisted, that the conclusion of

the plea was bad; as the plea sets up only a temporary disability, the prayer should have been, not that the "writ be quashed," but that the suit remain without day, until, &c. [1 Com. Dig. Abatement, 137; 1 Chitty P. 450, 12 Modern, 400; 3 Levinz, 208; 1 Lutw. 19; 1 Str. 521; 3 Inst. C. 18; 2 Saund. 201, note 1.]

The three succeeding assignments of error, do not appear to require any notice. As to the fifth assignment it is only necessary to say, that a demurrer to a plea in abatement, does not open the previous pleadings, unless the same matter could have been pleaded in bar. [1 Chitty P. 457; 1 Com. Abatement, I. 14, b. 143; Salk. 212; 2 Lutro, 1592; Carth. 172; Willes, 478; 1 Bac. Ab. 182.]

Conceding that this objection would have been good on a demurrer to the declaration. It is if defective aided by the verdict. [1 Chitty Pl. Id.; 1 Lord Raymond, 284; 1 Vent. 119; 2 Rich. C. P. 293; 2 Johns. 442; Ib. 283; 1 Day, 30; 1 Wash. 89; 6 Com. Dig. 254, § 31.]

The plea being disposed of by the demurrer, the facts there alledged cannot be noticed for any purpose.

ORMOND, J.—The principal question presented in this case, which arises upon the sufficiency of the plea in abatement, was determined by this court in Crawford v. Clute & Mead, 7 Ala. 157, in which it was held, that such a plea as this was bad, because it does not show that the garnishment was properly sued out, by an allegation of those facts which authorize the clerk of the court to issue the process.

The argument principally urged in support of the plea is, that although the Courts of the United States are courts of limited jurisdiction, they are not inferior courts in the sense of the common law, and that their judgments, though erroneous for want of jurisdiction, are not void, until reversed by an appellate court, and until thus declared void, are binding on all other courts when coming in question collaterally.

In our opinion, no question of jurisdiction arises, as we do not call in question the right of the Federal Courts to issue garnishee process, as a means of satisfying their judgments. Conceding that they have such power, it must be exerted according to the law of this State, and will be effectual, or

nugatory, according as the provisions of the statute law are observed, or disregarded. The fact that the process issued from the Circuit Court of the United States, can have no influence upon the decision of the question. The inquiry would be the same, if it had issued from a court of co-ordinate jurisdiction, in the same State. In either case, the only question is, whether the attaching creditor has obtained a *lien* upon the debt, the solution of which depends upon the fact, whether the proceedings have been had pursuant to the directions of the statute. This is a question of fact, and not of jurisdiction, and conceding for the present, that the matter is pleadable in abatement of the writ, not a case it is apprehended can be found, in which it has been held, that the facts must not be alledged in the plea, showing that a *lien* exists upon the debt by virtue of the attachment.

In Embree v. Collins, 5 Johns, 101, where the right to plead a pending attachment is admitted, no question arose upon the constituents of the plea, but all the reasoning of the court proceeds upon the ground, that "the attaching creditors had acquired a *lien* upon the debt, binding on the defendant." Nor did any question arise in Brock v. Smith, 1 Salkeld, 280, as to what the plea must alledge, nor indeed did the point arise in the case, whether such matter was pleadable in abatement, though there is a dictum of Lord Holt, "that if the attachment only be before the writ purchased, it ought to be pleaded in abatement of the writ."

As to what should constitute a sufficient plea, all the authorities say that the plea must set out the proceedings in the attachment suit at large, and show that all the requisites of the custom have been complied with. See the authorities collated by Comyn, 1 vol. 726, Attachment, H. I., and Morris v. Ludlam, 2 H. B. 362. In Fisher v. Lane, 3 Wilson, 297, it was held, that a recovery in foreign attachment was no protection to the garnishee, unless the creditor had been notified of the pending attachment. These decisions it will be observed, are made in reference to executed judgments in attachment, and *a fortiori* must the same rule prevail, where no judgment has been obtained, and a *lien* only is asserted.

If it be admitted that a pending attachment may be pleaded in abatement, it by no means follows that it should be

pleaded in abatement of the writ. In general, a plea in abatement gives a better writ, and in such a case, the appropriate conclusion is, a prayer of judgment of the writ, and that it be quashed. But where matter can only be pleaded in abatement, and yet a better writ cannot be given, as the writ does not abate, the prayer of the plea is, "whether the court will compel further answer." [Com. Dig. Abatement, I. 136 ; 1 Chitty P. 451; Symonds v. Parmenter, Salkeld, 1268.]

Pleas which neither barred the action, or abated the writ, were well known to the common law ; an example of these, is *aid prayer* in real actions. Excommunication was also pleadable to the disability of the plaintiff, but did not abate the writ, because the plaintiff might obtain absolution. [1 Bac. 4 B. 2.] The parol demurrer, was also a plea of this description. All these, and others which might be named, did not abate, or destroy the writ, but merely suspended the action, until the temporary disability was removed. See for the classification of pleas in abatement, 5 Bac. Ab. Pleas and Pleading, 326, A., and 1 Com. Dig. 25, Attachment, B. 1.

To this class, which does not abate or destroy the writ, but merely suspends the further prosecution of the action for the present, must this plea belong, if it can be sustained, because it does not give a better writ, and leaves the matter in uncertainty, whether the plaintiff will ever be able to maintain the action. The prayer then of the plea, should not have been that the writ be quashed, but that the defendant be not required to give any further answer.

The greatest precision being necessary in these pleas, an improper conclusion is fatal to the plea on demurrer ; indeed, it is the conclusion of the plea which is looked to, to ascertain its true character. Thus a plea which begins in abatement and concludes in bar, may be considered a plea in bar. [1 Com. Dig. 140, Abatement, I. 12, and the authorities. Also, Jenkins v. Pepoon, 2 John. Cas. 231 ; Schoonmaker v. Elmendorf, 10 Johns. 49 ; 1 Chitty Pl. 450.]

Independent of this reasoning, upon the structure and effect of the plea, there are many reasons why an attachment pending, should not be pleaded in abatement of the writ.

The entertainment of such pleas, would lead to the most delicate and embarrassing questions of jurisdiction, and in the conflict, an error committed by either court, would lead to the injury of one of the parties litigant. Either the garnishee might be compelled to pay the debt twice, or the creditor might be injuriously affected. All these consequences are avoided, by considering it as cause for suspending the action of the creditor, until the attachment against his debtor is determined, when it can be certainly known what the rights of the parties are. When, therefore, the fact of an attachment pending, for the same debt, is made known to the court, where the creditor of the garnishee has brought suit, it will either suspend all proceedings until the attachment suit is determined, or render judgment with a stay of execution, which can be removed, or made perpetual, in whole or in part, as the exigency of the case may require. And as this course is equally safe, and productive of less delay, it would seem to be the most eligible.

In the case of Galego v. Galego's Ex'r, 2 Brock. 285, the defendant, by his answer, insisted that $1600 of the sum claimed by the bill, had been attached by process from the Chancery Court of Richmond. The court decreed against the defendant, according to the prayer of the bill, and as to the money attached in the Chancery Court, left the cause open, until that matter was there disposed of; and upon the decree of that court being made, finally disposed of the case. This is a case precisely in point, except that it was a cause in Chancery, and the present is at law. This does not affect the principle. The power of a court of law is entirely adequate for this purpose, and in modern times has been most beneficially exerted for the protection of suitors.

In the case of Crawford v. Clute & Mead, already referred to, we intimated that such a stay of execution would be directed by the court after judgment, and after an ineffectual attempt to plead the matter in abatement. Such is still our opinion, although the court may have adjourned before the application was made.

There is nothing in the other assignments of error. The objection that profert was not made of the letters of admin-

istration, cannot be taken after verdict. [Coopwood v. Taylor's adm'r, 7 Porter, 33.]

The 3d, 4th and 5th assignments of error, are answered by the statute of *jeofails*. [Clay's Dig. 322, § 53.] The objections raised, if available, should have been taken before verdict and judgment. The demurrer to the plea in abatement, does not open the previous pleadings. The objection raised by the plea, goes to the action of the writ, and not to the sufficiency of the declaration. See the authorities on the brief of the defendant in error.

The answer to the last assignment of error is, that the facts presented by the plea in abatement, after a demurrer sustained to it, could not be considered by the jury, or looked to for any purpose in the court below. But if it were true, that the jury rendered a verdict for too great an amount it could not be redressed in this mode. The application should have been to the court below for a new trial.

Let the judgment be affirmed.