## McFADDEN *v.* O'DONNELL.

A GARNISHEE cannot plead the pendency of the attachment suit in abatement of an action subsequently brought against him by the debtor in the attachment. Nor can he safely pay his creditor, the debtor in the attachment, so long as proceedings by attachment are in force. The proper course is for the Court to order a suspension of the action against the garnishee by his creditor until the attachment proceedings are disposed of. BALDWIN, J.

Where a building contract provides that "no extra work is to be paid for except by contract in writing," the parties may verbally rescind this provision and agree to alterations. Id.

Where a building contract provided that "all disputes, if any arise, shall be submitted to the decision of said Williams," who was the architect and superintendent named in the contract, and the parties differing as to the amount due the contractor on the completion of the work, refusing to submit to Williams' decision, and he accordingly never acting in the matter: *Held*, that in suit by the contractor the testimony of Williams, as to deficiencies in the work, was not conclusive; and that it was competent for plaintiff to show by other persons the extent of the deficiencies. Id.

APPEAL from the Twelfth District.

Suit for work performed and materials furnished by plaintiff for defendant under written contracts for the erection of a block of buildings in San Francisco. The complaint, filed Aug. 24th, 1858,

McFadden *v.* O'Donnell.

claims a certain sum as stipulated in the contracts, and a further sum for extra work. The contracts, made part of the complaint, provided that the buildings should be erected in accordance with plans and specifications made by one Williams, who, the contract says, " shall at all times during the progress of said work, and up to the time of its final completion, have the full and entire direction and superintendence over said work; shall have power to inspect said work and the materials furnished therefor; to decide on the fitness and quality of the same ; to direct that materials be discarded and work reconstructed if in his opinion the same is deficient in quality, or is not in accordance with said plans and specifications. All disputes, if any arise, shall be submitted to the decision of said Williams." The complaint avers an offer on the part of plaintiff to leave all matters in dispute to Williams, which offer was refused by defendant.

Defendant plead in abatement of the action, that on the second day of January, 1858, Porter Webster commenced suit by attachment in the Twelfth District Court against plaintiff, McFadden, to recover eight hundred and ninety-five dollars and fifty cents; that this defendant was garnisheed therein on the same day, and that subsequently, on the fifteenth of March, 1858, Webster had judgment, which still remains in full force ; that no appeal has been taken therefrom and no proceeding had to release defendant from said garnishment, and that, such being the facts, defendant is not liable to be sued in this action or compelled to answer.

Defendant at the same time filed an answer in substance denying any indebtedness, and averring that the alterations made in the buildings were for the advantage of plaintiff; that no agreement in writing was made with respect to such alterations on that account, and hence that the claim for extra work is invalid; that plaintiff always refused to leave the matters in dispute to Williams; that such matters were by mutual agreement referred to arbitrators, who heard the case and made an award with which plaintiff was dissatisfied, and by agreement it was set aside ; and that plaintiff then brought this suit. The answer then sets up that plaintiff failed to comply with his contracts in certain particulars, as plastering and iron work.

The case was by consent sent to a Referee, who reported substantially that plaintiff had performed his work and furnished materials according to his contracts, except where the plans were varied by direction of the defendant; that these variations increased plaintiff's work by five hundred and eighty-one dollars and ten cents; that certain other variations reduced the value of plaintiff's work by three hundred and thirty-five dollars, while still other variations were mutually advantageous to the parties; that the suit of *Webster* v. *McFadden* was commenced and the proceedings thereon had as mentioned in the answer herein; but that pending this suit and before its trial McFadden had paid the judgment of Webster in full, and that defendant is released from all liability thereon; and that on full settlement of the accounts between plaintiff and defendant, there is due plaintiff nine hundred and eighteen dollars, for which judgment was rendered.

On the trial before the Referee, plaintiff offered as a witness Williams, the superintendent named in the contracts, and proposed to prove by him certain extra work. Defendant objected to any oral evidence of extra work, on the ground that the contract stipulated that any agreement for it must be in writing. Overruled; evidence admitted, defendant excepting. Witness testified to extra work caused by changes in the plan of the buildings made and carried out by mutual consent of plaintiff and defendant, though the agreement therefor was verbal; that at the request of plaintiff and by consent of defendant, he estimated the extra work and the deficiencies with a view to a settlement, but that before he reported the result plaintiff refused to be bound by it, and therefore witness did not then make it; that subsequently he gave plaintiff a memorandum showing extra work of five hundred and eighty-one dollars and ten cents, and deficiencies in plastering of two hundred dollars, etc. Of this last item the Referee allowed only twenty-five dollars. Plaintiff also offered to prove by various witnesses that the defects in the plastering amounted to but little, and could be repaired for a few dollars. Defendant objected to the evidence on the ground that, by the written contract, Williams was to be the arbiter in these matters, and that his judgment was conclusive unless impeached for fraud. Overruled, defendant excepting. The witnesses

then testified that the plastering corresponded with the contract, except as to a few blisters, which witnesses thought proceeded from bad lime, and could be repaired at a cost of from ten to twenty dollars. The report of the Referee being confirmed, and a motion to set it aside being overruled, defendant appeals.

*Shattuck, Spencer & Reichert,* for Appellant.

1. The plea in abatement was good. No demurrer was interposed to it, and hence plaintiff admits it to be a good defense. The release of the attachment, being subsequent to the filing of this plea, could not affect it. The question then is whether the plea was a defense to the suit at the time it was filed.

The effect of the attachment served on O'Donnell is fixed by our statute. O'Donnell was, from the time of its service to its satisfaction, liable to Webster, the attaching creditor, for the full amount. (Pr. Act, sec. 127.) He could have paid the money due McFadden to the Sheriff, after the judgment in favor of Webster, and the Sheriff's receipt would have been good against McFadden. (Id. sec. 130.) Webster could likewise, by proceedings supplementary to the execution, have proceeded against O'Donnell, and compelled payment of whatever he owed McFadden. (Id. secs. 241, 243.) Had O'Donnell denied the debt, Webster could have sued. (Id. sec. 244.) The receipt of McFadden to O'Donnell, given after the service of the attachment, would have been no payment as against Webster. A man cannot be liable to two parties at the same time for the same debt. He cannot sue where his receipt for the debt would be worthless, given at, before or after the suit was instituted. (*Brooks* v. *Smith*, 1 Salkeld, 280; *Embree* v. *Hanna*, 5 Johns. 101; *Fitzgerald* v. *Caldwell*, 1 Yates, 274; *Irwin* v. *Lumberman's Bank*, 2 Watts & Serg. 190; *Wallace* v. *McConnell*, 13 Pet. 136; Drake on Attach. 720–722.)

2. The extra work could not be proved by oral testimony. The contract required such work to be agreed to in writing.

3. If oral evidence could be received, the estimate of Williams must govern, as he was the arbiter chosen by the contract.

*H. H. Haight,* for Respondent.

The garnishment of defendant could not operate to abate this suit, but is simply ground to stay proceedings or continue the case until the attachment suit is disposed of. (Drake on Attach. secs. 700, 701; *Crawford* v. *Slade*, 9 Ala. 887.)

BALDWIN, J. delivered the following opinion:

Plaintiff sued defendant on indebtedness for work, etc. Before the commencement of this suit, one Webster sued McFadden and got out attachment, upon which O'Donnell was garnisheed as the debtor of McFadden, the plaintiff. Webster recovered judgment against McFadden, but, it seems, proceeded no further. After the commencement of this suit McFadden paid Webster his debt. This matter of the garnishment is insisted on by O'Donnell as presenting a bar or matter of abatement to this action. But we think this is not its legal effect. The mere attachment of the debt did not destroy the relations of debtor and creditor between McFadden and O'Donnell. It gave a right to Webster to subject the debt to the payment of his claim; but this right might be waived, or it might be destroyed by the payment of the debt by McFadden. It is true, O'Donnell could not safely pay McFadden as long as this proceeding was in force; and the Court will not compel him to do so, since that would subject him to a double payment in the event of the attaching creditors obtaining judgment. But the court may act in perfect consistency with the rights of all the parties. The proper course is to order a suspension of action by the original creditor until the proceedings of the attachment creditor are disposed of. This order of suspension is enough to secure the rights of all concerned. If the mere pendency of the garnishment worked a disability to sue, the plaintiff might be unreasonably delayed, and, by one or more collusive proceedings, the Statute of Limitations might bar the claim. This doctrine is thoroughly discussed in the case of *Crawford* v. *Slade*, (9 Ala. 887) and the cases cited. It is true that some authorities of great weight seem to announce a different rule; but we think the better and more equitable principle is as we have stated it.

Some other points are made, but we think they are not sustained. Whether the contract provided against extra work except agreed to

in writing, is immaterial; for the parties could rescind this provision in the contract if they chose, and agree to alterations by parol.

The witness Williams, though agreed upon as arbitrator to settle the disputed points, did not act as such, but the controversy was left to litigation, in which event his testimony was only that of a witness entitled to equal credit as, and no more than other witnesses similarly situated and qualified.

It would answer no useful purpose to go into a more detailed examination of the other propositions.

Judgment affirmed.

COPE, J.—I concur in the judgment.