McKeon *v.* McDermott.

: 22   667
:113    66.

## McKEON *v.* McDERMOTT.

THE fact that the defendant in an action for the recovery of money has been garnisheed by a creditor of the plaintiff, constitutes no defense to the action, and cannot be set up in the answer as a plea in bar. The remedy of defendant in such case is by motion, based upon affidavit of the fact, for stay of proceedings until the action against the plaintiff or the attachment therein is disposed of.

A judgment rendered in an action tried by the Court without a jury prior to the twentieth of May, 1861 (the date of the act requiring exceptions to defective findings or want of a finding), will be reversed for a failure by the Court to file its findings of fact.

APPEAL from the Fifth Judicial District.

The facts are stated in the opinion.

*D. S. Terry*, for Appellant.

By the service of the attachment the defendant became liable to the plaintiff in attachment suit for the amount due from this plaintiff, which amount is greater than the judgment in this case, and a voluntary payment by defendant to plaintiff would have been fraudulent and void, as to the attaching creditor. (*Johnson* v. *Curry*, 2 Cal. 33; Prac. Act, Sec. 127.) And, of course, the Court cannot by its judgment compel a party to do that which the law declares to be a fraud upon a third party. (*Smith* v. *Brown*, 5 Cal. 118; *Brumager* v. *Boucher*, 6 Id. 16.)

II. The judgment having been rendered in this case prior to the passage of the amendment of May, 1861, the absence of a finding is fatal. (*Hoagland* v. *Clary*, 2 Cal. 474; *Russell* v. *Amador*, Id. 305; *Estell* v. *Chenery*, 3 Id. 467; *Breese* v. *Doyle et al.*, Oct. Term, 1861.)

*S. A. Booker* and *J. H. Budd*, for Respondent.

I.   The attachment was issued after the Court below, by the commencement of this suit, had acquired jurisdiction both of the parties and of the subject matter, and no part of the same could be withdrawn from the consideration of that. Court, nor any of its proceedings delayed by reason of process issued from any other Court possessing merely equal powers.   (*Gorham et al.* v. *Toom et al.*, 9 Cal. 77 ; *Unfelcter* v. *Ley*, Id. 607.)

A Court need not allow a party to intervene, if, by so doing, the trial of the action between the original parties is to be delayed. (*Hockey* v. *Kelly*, 14 Cal. 164.)

An attachment is neither a defense nor a counter claim.   (Prac. Act, Sec. 47.)

II.   The main allegations of the complaint are admitted by the pleadings (14 Cal. 112) ; especially after the sustaining of demurrer to the alleged illegal consideration of note, which is not assigned as error, and no findings as to those allegations were necessary. (8 Cal. 445.)   This Court will certainly not require the finding of the Court below to specify each particular item of counter claim allowed or rejected—a general finding of the fact, that a specified amount is due plaintiff from defendant, being sufficient.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action upon a promissory note.   The defendant by his answer set up several defenses.   1st. That the note was given for an illegal consideration.   2d. That an attachment for $2,800 was issued in a suit in favor of one Irvine against the plaintiff, under which he, the defendant, had been garnisheed ; and also, 3d. Setting up various payments and matters of set-off.   The plaintiff demurred to the several defenses in the answer, and the Court sustained the demurrer as to the defenses of illegality of the consideration and the service of garnishment upon the defendant.   The issues were tried by the Court without a jury, and a judgment rendered for the plaintiff, from which the defendant appeals.

The sustaining of the demurrer to that part of the answer in which the defendant alleged that he had been garnisheed, is the first error assigned.   There was no error in this action of the Court.

The proper course in this case was for the defendant to set up these facts in an affidavit, and move the Court for a stay of proceedings in this action, until the proceedings in the action brought by the attaching creditor should be disposed of.   He would have been entitled to relief in that mode.   (*McFadden* v. *O'Donnell*, 18 Cal. 160.)

The case was tried by the Court, a jury being waived, but the Court failed to file any findings, and this is assigned as error.   This is well taken.   The judgment in this case was rendered January 29th, 1861, prior to the passage of the Act of May 20th, 1861, which provides that "no judgment shall be reversed for want of a finding, or for a defective finding of facts, unless exceptions be made in the Court below to the finding, or to the want of a finding" (Stat. 1861, 589), and is not, therefore, governed by that Act.   It has been repeatedly held by this Court, in cases adjudicated before the passage of the law of 1861, that a judgment will be reversed for want of a finding in cases tried by the Court without a jury.

The judgment is reversed, and the cause remanded for further proceedings.