## DUFER v. HAYDEN.

REPLEVIN — DEFENSES — PRACTICE.— Where a contract for the sale of goods, by the terms of which the vendor is to have a return of the property in case certain conditions are not complied with, is assigned by the vendor, and the assignee brings replevin against the vendee for the goods, it is no defense that subsequent to the assignment a garnishee summons was served upon the latter in aid of an execution against the vendor, and that the vendee, in ignorance of the assignment, had filed an answer admitting an indebtedness under the contract of sale to the assignor, it not appearing that any order had been made upon the answer; such facts only warrant a postponement of the trial until the determination of the attachment proceedings.

*Appeal from District Court of Chaffee County.*

IT appears from the complaint in this case that on the 4th day of February, 1884, certain goods had been sold and delivered to the appellee, Charles Hayden, by one George A. Smith, under a written contract which provided for the performance of certain conditions by the said appellee, in default of which the said Smith was entitled to have return of the goods. On the 5th day of February, 1884, the said George A. Smith assigned said contract to Maria H. Smith. On the 11th day of September, 1884, said Maria H. Smith assigned said contract to the appellant, Charles E. Dufer, who, on the 6th day

of December, 1884, commenced this action in replevin
for the recovery of the said goods from the said appellee
under the terms and conditions of the said contract. On
the 17th day of December, 1884, said appellee filed his
answer, in which he specifically denied certain allegations
of the complaint, and, as a further answer thereto, al-
leged as follows:

"(1) That heretofore, to wit, on the 14th day of Feb-
ruary, A. D. 1884, in the district court of the fourth ju-
dicial district, sitting in and for the county of Chaffee
and state of Colorado, said court having then and there
jurisdiction over the parties as well as the subject-matter
of the action, a judgment was then and there recovered
in said court in a cause therein pending, wherein one
James E. Hawver was plaintiff and the said George A.
Smith was defendant; said judgment being then and
there in favor of said Hawver for the sum of $680.71, to-
gether with the costs of suit, which judgment is now,
and ever since the rendition of the same has been, wholly
unsatisfied; and the same now is, and ever since said time
has been, in full force and effect, as the records of said
court will show, and to which reference is herein made.

"(2) That afterwards, to wit, on the —— day of ——,
A. D. 1884, an execution was duly issued out of said
court in favor of said Hawver upon said judgment, and
for the purpose of collecting the amount thereof, which
execution was duly placed in the hands of the sheriff of
said Chaffee county to serve, and afterwards, in aid of
said execution, a garnishee summons was duly served by
the sheriff of said county upon this defendant, command-
ing him (this defendant) to keep possession of all personal
property, rights or credits of the said Geo. A. Smith, for
the reason that such credits or other personal property or
debts are attached in pursuance to said writ or garnishee
summons. That at the time this defendant was gar-
nished as aforesaid, he (said defendant) had in his posses-
sion the goods and chattels mentioned in said invoice
bill, save and except the portion thereof that had been,

by this defendant, sold in the ordinary course of trade under and by virtue of said contract. That said honorable court had duly appointed B. F. Garrison of Salida, Chaffee county, Colorado, as referee in said cause wherein the said Hawver was plaintiff and the said Geo. A. Smith defendant. That under and by virtue of said garnishee summons, this defendant was commanded to and did appear before the said Garrison, as said referee, to answer upon oath respecting any personal property, rights or credits of the said Geo. A. Smith in his (this defendant's) possession or under his control. That this defendant then and there made answer upon oath before said referee that, under and by virtue of said contract which this defendant had entered into with the said Geo. A. Smith (said contract being duly set out in said complaint), this defendant, when said goods and chattels were sold according to the terms of said contract, would be indebted to the said Geo. A. Smith in the sum of $1,140, and that he (this said defendant) had then and there said goods and chattels in his (this defendant's) possession, save and except the portion of the same that had been sold under the terms of said contract.

" (3) That this defendant's said answer before said referee is duly filed in said cause with said referee's report; and that this defendant has made no other or further answer in said action. That said answer by this defendant was made in good faith, and was made before any knowledge or information on the part of this defendant that said contract had been assigned. That said garnishee proceedings were instituted and said answer was made long prior to the commencement of this action; and that this cause is brought for the purpose of obtaining possession of the same goods and chattels which this defendant was commanded to retain possession of in said garnishee proceedings.

" Wherefore defendant demands judgment that this action be dismissed at the cost of the plaintiff."

On the 15th day of January, 1885, the case came on

for hearing upon the motion of appellee, defendant therein, for judgment on the pleadings, whereupon judgment was given as follows:

"Now at this comes the defendant herein, by T. C. McDevitt, his attorney, no one appearing for the plaintiff herein, and case called for trial, and thereupon this cause coming on for hearing on the pleadings, and the court, being fully advised in the premises, does find that the defendant is entitled to the possession of the property in controversy, and that he is entitled to have and recover of and from the said plaintiff the return of the property aforesaid, and, if return cannot be had, he have and recover of and from the plaintiff the sum of $1,140, the value of said property, together with sum of ($200) two hundred dollars damages and costs of suit. Wherefore it is considered by the court that the plaintiff, Charles E. Dufer, do return to defendant, Charles Hayden, Jr., the property in controversy, and in case of a failure or refusal of said plaintiff, Charles E. Dufer, to redeliver said property, that said defendant do have and recover of and from the plaintiff the sum of eleven hundred and forty ($1,140) dollars for the value of said property. And it is further considered by the court that the said defendant do have and recover of and from said plaintiff the sum of two hundred ($200) dollars for his damages, together with all his costs herein expended, to be taxed. Execution to issue therefor."

On the following day motion was filed to vacate said judgment, and was afterwards denied by the court.

Messrs. B. F. GARRISON and W. H. MILLER, for appellant.

Mr. E. W. WAYBRIGHT, for appellee.

STALLCUP, C. Upon this appeal the only questions argued are those touching the sufficiency of the said special defense to warrant the said judgment. The assignment

of this contract was made before the recovery of the judgment against the said Smith, and before the commencement of the said garnishment proceedings. It follows that at the time the answer was made by the said appellee in the said garnishment proceedings he was not indebted to said Smith, the judgment debtor therein, nor in any other way liable to him under the terms of the said contract. Yet, as he says in his answer in this case, in ignorance of said assignment he erroneously answered the referee in said garnishment proceedings that he was liable to said Smith under said contract. It does not appear that any action was taken or order made upon the said answer, so that an opportunity was still open to the garnishee to apply to the referee or to the court for leave to correct his said answer before any orders should be made thereon. It is clearly apparent that the facts stated in the said special defense were insufficient to warrant more than a postponement of the case until a final determination of the attachment proceedings were had. *McFadden v. O'Donnell*, 18 Cal. 160; *Crawford v. Slade*, 9 Ala. 887.

The judgment should be reversed, and the case remanded with directions that the appellant be allowed to reply to the answer in the case upon such terms as may be deemed just.

RISING and DE FRANCE, CC., concur.

PER CURIAM. For reasons stated in the foregoing opinion the judgment is reversed and the cause remanded, with directions mentioned in the concluding paragraph.

*Reversed.*