JOSEPH J. CREED *vs.* MICHAEL D. CREED & another.

Norfolk. March 22, 1894. — March 23, 1894.

Present: HOLMES, KNOWLTON, MORTON, LATHROP & BARKER, JJ.

*Money paid — Evidence.*

A. bought a stable, mortgaged it to B., and allowed C. to run it. The mortgage being in course of foreclosure by sale, and A. not being able himself to raise the money to pay it, he told C. that if he could find some one who would pay off the mortgage, A. would release to C. all claims to the stable. C. thereupon raised the money and paid the mortgage, and A. gave him a bill of sale of the stable, releasing his interest therein to C. In an action by A. against C. for money paid in the purchase of the stable, A. contended that he bought and paid for it at C.'s request and for his use; and C. contended that A. bought it, not at C.'s request, but substantially as a present for him. A. testified that he sent an attorney " on business relative to this transaction" to attend to A.'s claim, to protect C., and to raise the money if he could. *Held*, that evidence of statements made by A.'s attorney to the attorney representing B. in the foreclosure proceedings, that A. was relinquishing all right to the stable, and C. was thereby making a thousand dollars, was rightly excluded.

In an action for money paid, evidence that the defendant had been summoned or was chargeable in another action, as trustee in respect of the money now sued for, is inadmissible.

CONTRACT, for money paid "by the plaintiff to the defendants' use, at their request," in the purchase of a stable in Norwood. At the trial in the Superior Court, before *Sherman*, J., the jury returned a verdict for the plaintiff; and the defendants alleged exceptions to the exclusion of certain evidence, the nature of which appears in the opinion.

*J. J. Feeley*, for the defendants.

*E. Greenhood*, for the plaintiff.

BARKER, J. 1. The plaintiff bought the stable and mortgaged it to one Ellis, and allowed the defendants to run it. He contended at the trial that he bought and paid for it at the defendants' request, and for their use, and they contended that he bought it, not at their request, but substantially as a present for them.

The mortgage was in course of foreclosure by sale, and Mr. Lane was the attorney who represented the mortgagee in the foreclosure proceedings. The plaintiff could not himself raise the money to pay the mortgage, and told the defendants that, if they could find some one who would raise the money and pay off the mortgage, he would release to them all claims to the stable, and they thereupon raised the money and paid off the mortgage and the plaintiff gave them a bill of sale of the stable releasing his interest therein to the defendants.

The plaintiff testified that he sent Mr. Pearse, an attorney, to Norwood "on business relative to this transaction," to attend to his (plaintiff's) claim, to protect the defendants, and to raise the money if he could. But it does not appear that the statements made by Pearse to Lane, that the plaintiff was relinquishing all right to the stable, and the defendants by reason of that fact were making a thousand dollars out of the plaintiff's action, were material to the negotiations between Lane and Pearse, and they must be treated as matters of conversation outside of the scope of those negotiations. The statements were not made to or acted upon by the defendants, and could not be binding on the plaintiff as to them, and were not admissible in their favor.

2. Whether the defendants had been summoned or were chargeable in another action as trustees in respect of the money here sued for, was immaterial to the question whether the plaintiff was entitled to a verdict in the case at bar. This case

must proceed so far as to ascertain what sum, if any, is due from the defendants; and it is not to be delayed on account of the trustee process, unless continued for judgment in accordance with the statute.   Pub. Sts. c. 183, §§ 40–42.

*Exceptions overruled.*