[S. F. No. 13.    Department One.—May 28, 1896.]

## V. GLUGERMOVICH, RESPONDENT, *v.* A. ZICOVICH, APPELLANT.

ACTION ON NOTE — ATTACHMENT BY CREDITOR OF PLAINTIFF — GARNISH-MENT OF DEFENDANT — STAY OF PROCEEDINGS. — A proper method of procedure for a garnishee who is sued by his creditor upon a note, after a garnishment has been served upon him at suit of an attaching creditor against the plaintiff, is to bring to the attention of the court, by affidavit or other appropriate means, the facts of the garnishment, and to apply for a stay of proceedings until the action of the attaching creditor has been disposed of; or, if the court allows the action against the garnishee to proceed to judgment, the garnishee may apply for a stay of execution upon enough of the debt to cover the amount of the garnishment.

ID.—DEFENSE TO NOTE—ATTORNEYS' FEES—COSTS—CREDIT UPON JUDG-MENT.—The garnishment of the defendant by an attaching creditor of the

plaintiff is not a defense to an action by the plaintiff upon a note given for the debt which was the subject of the garnishment; and where such matter is pleaded by way of defense, and no stay of proceedings is applied for, it is proper to render judgment for the full amount of the note, and for attorney's fees stipulated therein, and costs of suit; but. the court should permit the defendant on proper notice to show what. payment he has made or is compellable to make, on account of the attachment, and should direct satisfaction of the judgment to that extent.

ID.—EFFECT OF ESTABLISHING GARNISHEE'S LIABILITY BEFORE JUDGMENT —CONTINGENT ALLOWANCE OF FEES AND COSTS.—It seems that if the liability of the garnishee to pay the plaintiff's debt to his attaching creditor is established before judgment is rendered at suit of plaintiff against the garnishee, the defendant ought not to suffer from plaintiff's failure to pay his own debt, and the right of plaintiff to recover attorney's fees and costs should be made contingent on his own successful defense of the action in which the debt due to him was attached.

APPEAL from a judgment of the Superior Court of Santa Clara County. W. G. LORIGAN, Judge.

The facts are stated in the opinion.

*William P. Veuve,* for Appellant.

No judgment should have been rendered against appellant while the money, or debt, he owed respondent was still under attachment. (*McFadden* v. *O'Donnell,* 18 Cal. 160; *Pierson* v. *McCahill,* 21 Cal. 123.) Payment of this judgment by appellant would not have discharged him from liability as garnishee in the attachment suit of *Coschina* v. *Glugermovich.* (Code Civ. Proc., secs. 544, 869.) The judgment is erroneous in requiring appellant to pay costs and counsel fees. (Wade on Attachments, secs. 326, 500; *Lucas* v. *Campbell,* 88 Ill. 447.)

*H. V. Morehouse,* for Respondent.

BRITT, C.—Action on a promissory note for the sum of four hundred and seventy-three dollars, made by defendant to plaintiff, and which fell due June 14, 1894; one of its provisions was that in case of suit a reasonable counsel fee should be allowed. On said June 14th Zicovich, the maker, was garnished in respect of his indebtedness on the note in an action brought by one Coschina

in a justice's court against the plaintiff here, said Gluger-
movich; such attachment was in force when this action
was begun—June 15, 1894—and the defendant Zicovich
pleaded the fact thereof in his answer.  The suit of
*Coschina* v. *Glugermovich* was yet pending and undeter-
mined at the time of trial of the present case; upon
such trial plaintiff recovered judgment for said sum of
four hundred and seventy-three dollars, together with a
further allowance for counsel fees and costs of suit.

A proper mode of procedure for the garnishee under
such circumstances was long ago pointed out by the de-
cisions of this court; he may by affidavit or other appro-
priate means bring to the attention of the court where
he is sued by his own creditor the facts of the garnish-
ment, and apply for a stay of proceedings until the
action of the attaching creditor can be disposed of.
(*McKeon* v. *McDermott*, 22 Cal. 667; 83 Am. Dec. 86;
*McFadden* v. *O'Donnell*, 18 Cal. 160.)  Doubtless, also,
cases may arise where the court would find it expedient,
for the purposes of justice, to allow the cause to proceed
to judgment, but staying execution upon the whole or
enough thereof to provide for the satisfaction of the
demand for which the debtor is garnished; the end
sought being to enforce payment from him once and
only once, and that to the person whose claim against
him turns out to be legally superior.  (Drake on Attach-
ment, secs. 699–701; *Jones* v. *Wood*, 30 Vt. 268; *Creed*
v. *Creed*, 161 Mass. 107.)  In this instance the defend-
ant applied for neither a suspension of the action nor
any stay of execution, and since, as the authorities cited
show, the matter pleaded by him constituted no defense,
the court was justified in rendering judgment absolute
for the sum due on the note.  Nor do we see that the
costs and attorneys' fees are on a different footing; the
defendant promised to pay attorneys' fees in case of suit;
the garnishment was no bar to the right to sue; hence
the recovery of attorneys' fees seems, under the circum-
stances, necessarily to accompany any recovery at all;
and so of the costs which are incidental to the judg-

ment.   What should have been the effect on the matter of attorneys' fees and costs if, before final judgment here, the liability of Glugermovich and the consequent force of the garnishment, had been established in the action brought by Coschina, is not now for decision; though we incline to think that in such a case the defendant ought not to suffer prejudice from plaintiff's failure to pay his own debt, and that the right of the latter to recover attorneys' fees or costs should be made contingent on his successful resistance of the action in which the debt due to him was attached.   (See *Shealy* v. *Toole,* 56 Ga. 210; *Oriental Bank* v. *Tremont Ins. Co.,* 4 Met. 1.)

The judgment should be affirmed; but upon the going down of the *remittitur* the court should permit the defendant on proper notice to show what, if any, payment he has made or is compellable to make on account of the attachment of Coschina, and direct the satisfaction of the judgment to that extent.

BELCHER, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.

Hearing in Bank denied.

BEATTY, C. J., dissented from the order denying a hearing in Bank.