## Richmond.

## VIRGINIA FIRE & MARINE INS. CO. v. NEW YORK CAROUSAL MANUFACTURING CO.

### JANUARY 20, 1898.

1. APPEAL AND ERROR—*Insufficiency of Appeal Bond—Motion to Dismiss.*—A writ of error will not be dismissed for informality in the appeal bond where the defendant in error has had ample opportunity in which to object to the bond, but has delayed doing so until it is too late to give a new bond, or to award a new writ of error. The objection will be deemed to have been waived.

2. CONFLICT OF JURISDICTION—*Garnishment—Compulsory Payment to Creditor—Case at Bar.*—A garnishee, who, without fault or negligence on his part, has been compelled, by a court of competent jurisdiction, to pay the debt to his creditor, cannot be compelled to pay the same indebtedness, or any part thereof, to the person suing out the garnishment. In the case at bar the defendant in error, after full disclosures and without fault or negligence on its part, was compelled by a court of competent jurisdiction of North Carolina to pay the debt to its creditor, and cannot now be compelled to pay any part of the same debt to the plaintiff in error although its attachment was duly levied before the decision in North Carolina was rendered.

Error to a judgment of the Circuit Court of the city of Richmond, rendered November 22, 1895, in a proceeding by garnishment, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*B. T. Crump,* for the plaintiff in error.

*Anderson & Anderson,* for the defendant in error.

RIELY, J., delivered the opinion of the court.

The defendant in error, at the hearing of the case, moved to dismiss the appeal upon the ground that the appeal bond is defective, in that it omits to provide, as a part of the condition, for the payment of "all actual damages incurred in consequence of the *supersedeas.*"

The statute (Code, sec. 3471) prescribes that the bond is to be given before the clerk of the court below, and requires that this officer shall *take* the bond and endorse on the process that it has been given. The plaintiff in error, upon the allowance of the writ of error, promptly gave bond, in the required penalty and with all the prescribed conditions save the one above stated, before the clerk of the Circuit Court, who accepted the same, and endorsed on the process that the bond had been given.

It is usual for the clerk, whom the law designates as the officer to take the bond, to prepare it, and the bond in this case was no doubt prepared by him, and not by counsel. The plaintiff in error executed it, and the clerk took it, presumably in good faith, both of them supposing that it conformed to the requirements of the statute; and the defendant in error acquiesced in its sufficiency, and in the perfection of the appeal, until the hearing.

If the defendant in error was not satisfied with the bond, or deemed the defect now pointed out a sufficient ground for the dismissal of the appeal, he should have taken the necessary steps, within the time that a new bond might have been given, or another appeal allowed (Code, sec. 3474), where he has had a reasonable time in which to do so, to require a proper bond to be given, and, in the event of a failure to give it, moved to dismiss the appeal. It is too late to wait, before making such motion, until a new bond cannot be given, or another appeal allowed. To dismiss the appeal at this late day, under these circumstances, would be grossly unjust. The defendant in error, after such delay, must be considered as having waived any objection to the

defect in the bond. Following the course which has been heretofore pursued by this court in dealing with similar cases, the motion to dismiss must be overruled. *Jackson* v. *Henderson,* 3 Leigh 196; *Pugh* v. *Jones,* 6 Leigh 299; *Brown* v. *Matthews,* 1 Rand. 462; *Johnson* v. *Syme,* 3 Call. 522; *Acker* v. *A. & F. R. Co.,* 84 Va. 648; and *Orr* v. *Pennington,* 93 Va. 268.

The judgment appealed from was rendered against the plaintiff in error as garnishee under an attachment sued out by the defendant in error against the garnishee's creditor, who was a non-resident of this State.

The creditor resided in the State of North Carolina, and, prior to the issue of the attachment, had brought suit in that State against the garnishee to recover the same debt which it was sought to subject by the attachment. This suit was still pending and undetermined when the attachment was sued out.

The writ of error awarded by this court brings under review the right of the Circuit Court of the city of Richmond, upon the facts disclosed by the record, to give judgment against the garnishee.

Where there is an action by a creditor against his debtor to recover a debt due to him pending in a court in one jurisdiction, and at the same time an attachment against the creditor and a garnishment against his debtor pending in another court in a different jurisdiction to subject the same debt to the satisfaction of a liability of the creditor, there is a conflict among the authorities as to the proper course to be pursued by the respective courts.

It is held by one line of the authorities that the court which first acquires jurisdiction over the debt has the right to maintain it to the end of the litigation, and enforce or subject the debt irrespective of the proceedings in the other court; and that the court which last acquires jurisdiction as to the debt, whether it be by the action of the creditor to recover his debt, or under a garnishment by his creditor, must dismiss the action or garnishment, when the pendency of the prior action or garnishment is

duly brought to its notice. *Wallace* v. *McConnell*, 13 Peters
136; *Whipple* v. *Robbins*, 97 Mass. 107; *American Bank* v.
*Rollins*, 99 Mass. 313; *Embree* v. *Hanna*, 5 John. 100; *Shrews-
bury* v. *Tufts*, 41 W. Va. 212; Drake on Attachment (7th ed.),
sec. 700; and 2 Wade on Attachment, sec. 494.

The other line of the authorities holds that whether the action
by the creditor to recover his debt or the garnishment be first
commenced, the court in which the action by the creditor is
pending should, upon due notice of the garnishment, either
suspend all proceedings in the action to await the determination
of the garnishment, or, which is deemed better, proceed to
judgment on the debt with a stay of execution on the judgment
until the garnishment is determined, which stay can be re-
moved or made perpetual, in whole or in part, as the exigency
of the case may require. By this course, the rights of the at-
taching creditor would not be injuriously affected, and the gar-
nishee would at the same time be effectually protected against
a double liability. *Crawford* v. *Clute and Mead*, 7 Ala. 157;
*Crawford* v. *Slade*, 9 Ala. 887; *Montgomery Gas Light Co.* v.
*Merrick & Sons*, 61 Ala. 534; *McFadden* v. *O'Donnell*, 18
Cal. 160; *McKeon* v. *McDermott*, 22 Cal. 667; *Harvey* v. *R.
Co.*, 50 Minn. 405; *Howland* v. *R. Co.*, 134 Mo. 474; Drake
on Attachment, sec. 701; and *Gallego* v. *Cheralle*, 2 Brock.
285, note at end of the opinion.

It is unnecessary in this case, however, to decide between
these conflicting authorities, for, under neither line of them,
can the judgment appealed from be upheld.

The Insurance Company, the plaintiff in error, on January
18, 1895, filed its answer to the complaint in the suit brought
against it in the Superior Court of Lenoir county, North Caro-
lina, by its creditor, J. H. Turnage, who was also the debtor
in the attachment suit, and duly set forth, among other de-
fences, the pendency of the attachment suit in the Circuit
Court of the city of Richmond, and the garnishment against
the company; averred the validity of the said proceedings ac-

cording to the laws of Virginia; and asked that it be protected against the recovery of any part of the debt sued for, which it might be adjudged to pay by the Circuit Court of the city of Richmond under the garnishment.

It also, on February 4, 1895, filed its answer to the garnishment in the Circuit Court of the city of Richmond, wherein it referred to the action brought against it in the court in North Carolina, and exhibited with its answer a certified copy of all the proceedings in the said action up to that time. The Circuit Court, thereupon, without entering a formal order to that effect, directed that the garnishment should await the result of the suit in North Carolina.

At the May term, 1895, of the Superior Court of Lenoir county, North Carolina, it presented to the court a certified copy of the proceedings in the attachment suit in the Circuit Court of the city of Richmond, and claimed that the court should not, and moved that it do not, proceed to the trial of the action of Turnage against the company until the attachment suit was determined. The court, however, overruled the motion, and, on May 17, 1895, gave judgment against the company for the entire amount of the debt. Execution was issued on the judgment on May 22, 1895, directed to the sheriff of Lenoir county, whereby the company was obliged to pay, and did pay the same on October 12, 1895.

On November 22, 1895, the garnishee filed an amended and supplemental answer to the garnishment in the Circuit Court of the city of Richmond, in which it set forth that the court in North Carolina had overruled its plea of the pendency of the attachment suit and garnishment against it, on the ground that the suit in North Carolina was instituted prior to the attachment suit, and that therefore the court in that State acquired priority of jurisdiction of the subject matter of the litigation; that the court had given judgment against it for the full amount of the debt; that execution was at once issued on the judgment; and that having moneys in the hands of its agents in that

State liable to the execution, it had been compelled to pay the same.   It exhibited with its amended answer a certified copy of the record of the suit in the court in North Carolina, containing all the proceedings had therein subsequent to the proceedings contained in the copy of the record filed with its former answer, the two making a complete, record of the suit, and prayed a dismissal of the garnishment against it.   This the Circuit Court refused to do, and gave judgment against the garnishee for the amount of the debt of the attaching creditor, the defendant in error.   If this judgment be sustained, then the garnishee will, to that extent, have to pay its debt over again.

It is a settled rule, founded upon obvious principles of natural justice, that a garnishee cannot be lawfully compelled to pay the same indebtedness twice.   Nothing can be more clearly just than that a person who has been compelled by a court of competent jurisdiction to pay a debt should not be compelled to pay it over again.   Consequently, when he is in such a situation that, if charged as garnishee, this would be the result, he will not be charged, unless his situation is due to his own fault or neglect.

The garnishee in this case was guiltless of any fraud or collusion.   It took all necessary steps to prevent a recovery in the suit in the State of North Carolina of the debt against it. It made a full disclosure to the court of the facts of its situation.   It duly pleaded the pendency of the attachment suit, and the garnishment against it.   It endeavored to obtain a suspension of all proceedings in the suit until the determination of the garnishment against it, but the court, holding that it had priority of jurisdiction, refused to stay the suit, and gave judgment, upon which it allowed execution to be issued.

The garnishee is a corporation created under the laws of the State of Virginia, with its home office in the city of Richmond, and was engaged in the business of insuring property against loss by fire in this and other States.   It had complied with the laws of North Carolina, by which foreign corporations were

authorized to do business in that State, and under its laws, for the purposes of suit, was deemed a resident of that State, and amenable to a personal judgment. It had moneys in the hands of its agents in that State, and execution having been issued on the judgment, it could not escape its payment.

Under these circumstances, the Circuit Court should not have given judgment against the garnishee. It had been compelled, after a full disclosure, to pay the debt once, under the judgment of a tribunal having legal jurisdiction to decide and adequate power to enforce its decision, and had, therefore, an indisputable claim to protection against the second payment of the debt. *Garity* v. *Gigie*, 130 Mass. 184; *Eddy* v. *O'Hara*, 132 Mass. 56; and *Lancashire Ins. Co.* v. *Corbetts*, 165 Ill. 592.

For the foregoing reasons, the judgment appealed from must be reversed, and the garnishment against the plaintiff in error be dismissed.

*Reversed.*