[Civ. No. 5200. Fourth Dist. Aug. 27, 1956.]

PAUL A. LERNO, Respondent, v. IVAN OBERGFELL et al., Defendants; SHIRLEY OBERGFELL et al., Appellants.

S. P. Williams for Appellants.

C. F. Sturdevant, Jr., for Respondent.

BURCH, J. pro tem.*—This is an appeal by two of the defendants, Shirley Obergfell and Edwin P. Obergfell, from an order denying a motion for stay of execution which was entered October 14, 1955.

The record on appeal shows (1) the entry on November 4, 1954, of a judgment on a verdict in favor of Paul A. Lerno against these and other defendants for $500 compensatory damages, $500 exemplary damages and $54.40 costs. (2) Affidavit of Edwin P. Obergfell in support of the motion to stay execution, which affidavit alleges Paul A. Lerno is insolvent and has been sued by Marjorie M. O'Bryan for $2,030 in a pending action Number 29512 in the same superior court; that attachment proceedings were instituted by her

---

*Assigned by Chairman of Judicial Council.

and Edwin was garnished in his capacity of judgment-debtor of Lerno.

The theory of the affiant is that the O'Bryan suit may end in collecting from him in the attachment proceedings and that Lerno will proceed with execution, nonetheless, unless the stay is granted. The court below denied the motion as appears by a minute entry in the clerk's transcript. These are all the material facts before us on appeal. If nothing more was before the court below in denying the motion, the general rule as stated in *McFadden* v. *O'Donnell*, 18 Cal. 160, followed in *McKeon* v. *McDermott*, 22 Cal. 667 [83 Am.Dec. 86] and extended in *Glugermovich* v. *Zicovich*, 113 Cal. 64 [45 P. 174], would properly control decision. That general rule is to the effect that a stay of execution may be ordered until the attachment proceedings are disposed of if required to protect the garnishee from double payment, to the end that he pay but once and that payment be made to the claimant with the superior legal right.

The difficulty with applying that rule in this case is that the record on appeal does not include the material and competent evidence which may have controlled the order of the court below in denying the motion. It is suggested in the brief of respondent and not denied by appellant that Marjorie M. O'Bryan was assignee for suit of Edwin P. Obergfell, which, if true, brings into play the provisions of section 439, Code of Civil Procedure, bearing on the doctrine of res judicata applied to counterclaim. We do not have before us the complaint in action Number 29512 which might show the truth of this or the sufficiency of the attachment proceedings generally.

Moreover, an attachment is void *ab initio* as a jurisdictional matter unless it be authorized by statute on the facts of a particular case. (*Stowe* v. *Matson*, 94 Cal.App.2d 678, 683 [211 P.2d 591].) "A cardinal rule of the law of attachment and garnishment, therefore, is that the statutory provisions relating thereto must be strictly construed and followed." (5 Cal.Jur.2d, § 4, Attachment and Garnishment.)

The appellant has the burden of producing a record on appeal which overcomes the presumption favoring the validity of the order from which he appeals. The proposition is thus stated in *Riley* v. *Dunbar*, 55 Cal.App.2d 452, 455 [130 P.2d 771]:

"Likewise there is no question as to the law that an appellant has the burden of producing a record affirmatively

showing error (2 Cal.Jur. § 499, pp. 852, et seq.) and if any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented."

On the record before us we may not conclude that the refusal to order a stay jeopardized an existing legal right of the appellants or either of them. This and this only would require the stay. (See *Glugermovich* v. *Zicovich,* 113 Cal. 64, 66 [45 P. 174].)

The order denying a stay of execution is affirmed.

Barnard, P. J., and Mussell, J., concurred.