[Civ. No. 19385.    First Dist., Div. Two.    Mar. 15, 1961.]

W. HARRY JOHNS, Appellant, v. MARTIN MONGAN, as County Clerk, etc., Respondent; BERT L. BORSTEAD et al., Real Parties in Interest.

W. Harry Johns, in pro. per., for Appellant.

Dion R. Holm, City Attorney, and Robert A. Borgen, Deputy City Attorney, for Respondent.

Loyd W. Carter and Paul G. Dobbins, in pro. per., for Real Parties in Interest.

SHOEMAKER, J. — This is an appeal by petitioner W. Harry Johns, in propria persona, from a judgment of dismissal of petition for writ of mandate entered upon the sustaining of the demurrer without leave to amend interposed by the respondent Martin Mongan.

The record discloses that on September 26, 1958, appellant brought an action in the Superior Court of San Francisco to quiet title and to set aside a trustee's deed. The real parties in interest were served on or about February 3, 1959. On February 9, 1959, appellant filed an amended complaint which was shortly thereafter served upon the real parties in interest, who in due time filed a demurrer to the said amended complaint. The demurrer to the amended complaint came

on for hearing on April 22, 1959, at which time it was discovered that appellant had on March 24, 1959 had the default of the real parties in interest taken for failing to appear and answer with respect to the original complaint. The court thereupon continued the hearing on the demurrer to May 6, 1959, so that the real parties in interest could move to set aside the default. The appellant was notified of the continuance prior to April 24, 1959. However, on that date he appeared in another department of the superior court, Judge Foley presiding, and moved for entry of a default judgment without informing the judge as to the proceedings before the law and motion department, and judgment was awarded in his favor, which the clerk duly noted in the minutes of the court. On May 6, 1959, in the law and motion department before Judge Weinberger, a motion to vacate the default taken on March 24, 1959, and the demurrer to the amended complaint was heard, and on May 11, 1959, the court made its order setting aside the default and sustaining the demurrer without leave to amend.

Thereafter, appellant appealed from Judge Weinberger's order (No. 18963 in this court) and said appeal was dismissed since it was from a nonappealable preliminary minute order. Thereafter, appellant's motion to require the real parties in interest to answer interrogatories concerning the same lower court subject action was quashed. Again he appealed to this court from this order (No. 19324), and this appeal was likewise dismissed because it was from a nonappealable order. Then appellant filed with this court a petition for writ of mandate and/or prohibition (No. 18884) in which he sought an order directing Judge Foley to sign his alleged default judgment, to require Judge St. Clair to sign and approve the clerk's certificate, and to require Judge Weinberger to vacate his minute order setting aside the default and to strike the demurrer. This court denied the petition on July 28, 1959, and the Supreme Court denied a hearing on August 26, 1959. Thereafter, appellant petitioned this court for a writ of mandate (No. 19587) to compel the superior court to enter a default of the real parties in interest for their refusal to answer certain interrogatories, which was denied on October 10, 1960.

On October 9, 1959, appellant caused a certified copy of the minute order granting the default judgment of April 24, 1959, to be recorded with the county recorder and followed this with a request to Martin Mongan, the County Clerk of

the City and County of San Francisco, to enter an unsigned order of judgment of Judge Foley in the judgment book, which the clerk refused to do, whereupon the petitioner filed his petition in superior court for a writ of mandate directing the respondent Martin Mongan to take the action that he had theretofore requested.

The appellant bases his argument in support of his contention that he is entitled to a writ of mandate by pointing out that in the event a party fails to demur or answer within the time allowed by law, a default may be entered and that thereupon it is the clerk's duty to enter a judgment in accordance with the pleadings, and that such action is purely ministerial. (*Farrar* v. *Steenbergh* (1916), 173 Cal. 94, 96 [159 P. 707].) The argument fails for lack of a basis, for we do not have a factual situation before us to which these rules apply. ■ Here an amended complaint was filed within the time allowed by law and thereby the original complaint ceased to have any effect as a pleading upon which to base a default or judgment. (*Sheehy* v. *Roman Catholic Archbishop* (1942), 49 Cal.App.2d 537, 541 [122 P.2d 60].) ■ The time to plead to the amended complaint commences to run from the date of its service. (*Billings* v. *Palmer* (1905), 2 Cal.App. 432, 433 [83 P. 1077].) ■ The record presented to us on this appeal consists only of a clerk's transcript from which it cannot be ascertained whether the amendment concerned matters of substance. However, we must presume that there has been no error, for all intendments are in favor of the judgment. (*Utz* v. *Aureguy* (1952), 109 Cal.App.2d 803, 807 [241 P.2d 639] ; *Lerno* v. *Obergfell* (1956), 144 Cal. App.2d 221, 223 [300 P.2d 846].) ■ The real parties in interest admittedly filed their demurrer to the amended complaint within the time allowed by law so no default could be taken under section 585 of the Code of Civil Procedure. ■ It is well settled that where an answer (a demurrer serves the same purpose) has been filed within the time allowed by statute, and the clerk ignores the same and enters a default, such default is void. (*Miller* v. *Cortese* (1952), 110 Cal.App. 2d 101, 105 [242 P.2d 84].) In the instant case, the clerk was aware of the record and correctly refused to take the action requested of him.

■ We also have a situation here where a default was erroneously entered, which, under the provisions of Code of Civil Procedure, section 473, the court has the power to correct by setting aside such defaults. (*Miller* v. *Cortese,*

*supra.*) Therefore, the order vacating the default was correct and is an additional reason for the clerk's refusal to enter the unsigned order for default judgment.

Judgment affirmed.

Kaufman, P. J., and Draper, J., concurred.